WILLIAM O. SUMMONS, Defendant in Error, *v.* JOSEPH BEAU-BIEN AND WILLIAM AUSTIN, Plaintiffs in Error.

1. *Practice—Courts—Recorder of Hannibal.*—By the act of 1851, p. 335, Art. VIII., in suits brought before the recorder of the city of Hannibal for the recovery of the possession of personal property, the practice must conform

to that prescribed in suits brought in the Circuit Courts, and the case must be tried upon written pleadings.

2. *Possession—Title.*—An actual possession is evidence of title, against every one who does not show a better title. In the absence of other evidence, a prior lawful possession is proof of a better title.

### *Error to Hannibal Court of Common Pleas.*

*Ewing & Harrison*, for plaintiffs in error.

I. The recorder of the city of Hannibal had jurisdiction of the subject matter of this suit, by virtue of an act of February 14, 1851. (Sec. 5, Art. 8.)

II. The jurisdiction being specially conferred on this officer, his proceeding in the case must be in strict accordance with the direction as to the mode of proceeding. The objection that the petition does not state facts sufficient to constitute a cause of action, is not waived by omission to take it by demurrer or answer. Defendant can avail himself of the objection by motion in arrest of judgment. (Andrews v. Lynch; 27 Mo. 167.)

III. The defendant Austin could only be made a party by an order of the court to have him brought in by an amendment of the petition or supplemental petition. (2 R. C. p. 1253, § 4.)

*L. M. Shreve* and *J. C. Richmond*, for defendant in error.

HOLMES, Judge, delivered the opinion of the court.

This was an appeal from the recorder of the city of Hannibal to the Hannibal Court of Common Pleas, from which it comes here by writ of error. By an act amendatory of the acts incorporating the city (Art. VIII., §§ 1–7, Acts of 1851, p. 335), the city recorder is invested with the powers and jurisdiction of a justice of the peace, and with special jurisdiction in certain other cases, among which are " actions for the recovery of personal property, alleged to be unlawfully detained," not exceeding one hundred dollars in value ; and " actions in such cases are to be conducted after the rules

governing such actions in the Circuit Court." The marshal is to execute the process in the same manner as the sheriff does in similar actions in the Circuit Court, and appeals are to be allowed in the same manner as in cases before a justice of the peace; and the recorder is to " be governed and decide by the laws of the State." The plaintiff filed a petition, in writing, for the recovery of a horse, against Joseph Beaubien, and, on the day of trial, on motion and affidavit of plaintiff, William Austin was made a party defendant by a simple order of court, and the trial proceeded without any amendment of the petition, and without any written answer by either party, and there was a verdict and judgment for the plaintiff, from which the defendants took an appeal. There was another trial in the Hannibal Court of Common Pleas, without any change in the pleadings, and the verdict and judgment were for the plaintiff. The defendant Beaubien moved for a new trial, and Austin filed a motion in arrest. Both motions were overruled.

The statute evidently contemplates that the proceedings in such cases shall be upon written pleadings, as in the Circuit Court. There was no statement on file of any cause of action against the defendant Austin, and no written answer by either defendant; the courts below appear to have proceeded as in other cases before a justice of the peace, wholly disregarding the special provisions of this act. In this, we think, the error is manifest.

The plaintiff relied upon actual possession, merely, as proof of title. The evidence tended to prove that the defendant Austin had had an actual possession of the horse prior to that of the plaintiff, and that he kept the animal in a pasture near Hannibal; and that, afterwards, one Charles Davis bought the horse of a militiaman at a camp near Hannibal, and sold it to the plaintiff a month before the suit was commenced. An actual possession, which is a lawful one, is evidence against any one who does not show a better title—(2 Greenl. Ev., § 637); but the actual possession of the defendant here, which was prior to that of the plaintiff, in the ab-

sence of any other evidence of ownership in the plaintiff, was a better title than that of the plaintiff. And, accordingly, the ruling of the court upon the instructions which were asked by either party, in so far as it disregarded this principle, was erroneous.

For these reasons the judgment will be reversed and the cause remanded. The other judges concur.