Fortier v. Ball.

————————•————————

43   23
85a 632

B. FORTIER, Plaintiff in Error, v. JOHN BALL, Defendant in Error.

1. *Justices' Courts, practice in — Power of Justice to set aside Non-suit.—* Where a justice of the peace, after hearing of testimony in a trial where both parties were present, on motion of defendant non-suited plaintiff, and afterward, at the instance of plaintiff, set the non-suit aside and granted a new trial, such action in setting aside the non-suit was no cause for reversing a judgment subsequently rendered in favor of plaintiff in the Circuit Court. Justices of the peace have no power to set aside non-suits, except where they are rendered for non-appearance. But neither have they power to render an involuntary non-suit when a jury has been impaneled in the case.
2. *Justices' Courts — Non-Suit — Appeal — Estoppel.—* Where defendant, after procuring non-suit, appeared before the justice at a second trial, and upon appeal to the Circuit Court had another trial, without complaining, he will not afterward be permitted in the District Court to set up the judgment of non-suit as a bar to the plaintiff's right to recover.

### Error to Second District Court.

This action was commenced by plaintiff in error against Ball, before a justice of the peace in Jefferson county, January 30, 1867, to recover fifty dollars, the alleged value of a hog of plaintiff charged to have been killed by Ball. On March 16, 1867, both parties being present, a jury was sworn to try the case, but the justice, not deeming the plaintiff's evidence sufficient to entitle him to recover, rendered judgment of non-suit. On March 18, 1867, the justice, on motion of plaintiff, made an order to set this judgment aside, and gave defendant notice. On April 20, 1867, the case was again called, and a jury sworn, and verdict and judgment rendered for plaintiff for twenty-five dollars. Defendant appealed, with W. G. Harrold his security. On appeal the case was tried in the Circuit Court by a jury. On the trial it appeared by the evidence that in December, 1866, defendant Ball was in the State of Louisiana; that one Wm. Armstrong was attending to the work on his farm, to some extent; that when the hogs were to be killed, Armstrong engaged Fred. Moore to help to kill them, and that Mrs. Ball engaged one L. D. Collins to come and oversee the work; that Collins directed Armstrong and Moore to do the shooting; that during the day two hogs got out of the pen, and that Moore gave pursuit, and through mistake shot and killed a boar owned by plaintiff.

The court gave, on its own motion, the following instructions:

1. If the jury believe from the evidence that Wm. Armstrong was acting as a general agent in managing defendant's farm, and that he employed Fred. Moore for defendant to assist in doing defendant's work, and that while so employed, by an injudicious, negligent, or unskillful act done in furtherance of defendant's business, he shot plaintiff's hog, the jury will find for plaintiff in the sum proved to be the value of the hog.

2. But if the jury believe from the evidence that while Fred. Moore was employed by defendant or Wm. Armstrong to do defendant's work, he willfully shot plaintiff's hog to effect some design of his own, then the jury should find for defendant for costs of suit.

3. That if the negligence of plaintiff was the cause of his hog being killed, the jury must find for the defendant.

*Abner Green*, for plaintiff in error.

I. The justice had power to take the case from the jury and grant a non-suit, as the case was not submitted to him for trial. His decision was a non-suit upon trial, in accordance with the power given justices by section 6 of Gen. Stat. 1865, p. 717.

II. The justice then had power to grant a new trial. (Fenton v. Russell & Lindley, 6 Mo. 143. This decision is based upon § 7, R. C. 1835, p. 363, which is precisely like § 6, Gen. Stat. 1865, p. 717.) The case referred to in 27 Mo. 396 is not exactly in point. It decides that it was not necessary in that case to make a motion for a new trial before taking an appeal. Here the new trial was granted in conformity to the statute. And a portion of the reasoning of the court in that case, which implies that the justice could not grant a new trial if the plaintiff was present when the non-suit was given, is not in conformity to section 6, Gen. Stat. 1865. By section 17, p. 713, a justice may grant a new trial in cases of non-suit; and there is nothing in such section confining such powers to non-suits when the plaintiff was not present, any more than a non-suit when he was present.

III. The defendant made no objections to a trial in either the Justice's Court or the Circuit Court, and it is too late to make such objections now.

IV. The two instructions given by the court, on its own motion, are strictly the law of the case.

*Jos. I. Williams*, and *John L. Thomas*, for defendant in error.

I. A justice cannot set aside a judgment of non-suit, except when rendered on account of the non-appearance of the plaintiff at the trial. (8 Mo. 45 ; 27 Mo. 396.)

II. The order of the justice pretending to set this judgment aside being a void act, the judgment is still in force and conclusive between the parties, never having been appealed from. It is a matter of no importance that the justice took upon himself the decision of the case when a jury were sitting to try it. If this

was error it might have been corrected by appeal, but cannot affect the validity of the judgment, since the plaintiff has failed to take an appeal. (Hendrickson, Adm'rx, v. St. Louis and I. M. R.R., 34 Mo. 188.)

It being error, apparent on the face of the record, for the Circuit Court to render judgment for plaintiff when the justice's transcript showed that there was a judgment in force on the docket of the justice in favor of defendant in the same case, which had not been appealed from, the District Court rightfully reversed, although no exception was taken upon this point in the Circuit Court. (Bateson v. Clark et al., 37 Mo. 31.)

IV. The District Court properly reversed, because the Circuit Court erred in giving the first instruction touching the liability of defendant Ball. The first instruction is erroneous. It assumes that defendant is liable for a damage done by a servant employed by a servant, if the damage was done while he was engaged in defendant's business. It further assumes that the mere fact that defendant might have employed Armstrong to manage his farm, and gave Armstrong the right to employ other servants to help kill hogs for defendant, thus created the relation of master and servant between defendant and such servants employed by his servant. This is wrong. Defendant could not be liable for the act of Moore unless the relation of master and servant existed between them. (Barry v. City of St. Louis, 17 Mo. 121; Clarke's Adm'r v. Han. & St. Jo. R.R. Co. 36 Mo. 202.) Armstrong might well have been engaged to work on defendant's farm, and yet not have been authorized to employ servants for his master to help kill hogs. The right of the servant Armstrong to employ a servant for defendant, so as to create the relation of master and servant between defendant and such sub-servant, being the very question upon which the liability of defendant depended, is a question of fact for the jury, and is not to be assumed as a matter of course, as is done in this instruction.

BAKER, Judge, delivered the opinion of the court.

This action was instituted before a justice of the peace to recover the value of a stock hog which was killed by the negligence of one F. Moore, who, it is claimed, was at the time the servant of the

defendant, and in the discharge of his duties as such. The case was tried before the justice and a jury. After testimony was heard, the justice, on a motion of the defendant, non-suited the plaintiff. Two days afterward, at the instance of the plaintiff, the justice set the non-suit aside and ordered a new trial. The second trial was had on the 20th day of April, 1867, before the justice and another jury, both parties being present. It resulted in a judgment for the plaintiff for twenty-five dollars. The defendant appealed to the Circuit Court of Jefferson county, where the case was again tried and a judgment rendered for the plaintiff for fifty dollars. The defendant removed the case to the District Court by writ of error, where the judgment of the Circuit Court was reversed. The District Court assigned two reasons for reversing the judgment of the Circuit Court. The first is that the justice had no power to set aside the jugdment rendered by him at the first trial, and that it is still a valid subsisting judgment. The second is that the evidence does not establish the relation of master and servant between defendant and said Moore.

It is doubtless true that justices of the peace have no power conferred on them to set aside non-suits except where they are rendered for non-appearance. But is equally true that they have no power to render an involuntary non-suit when a jury has been impaneled in the case. In rendering the judgment of non-suit in this case, the justice acted without authority and in plain violation of the rights of the plaintiff. As the non-suit was granted at the instance of the defendant, he has no right to complain that it was set aside. If the order setting the non-suit aside was void for want of authority to make it, the judgment of non-suit was also void for the same reason.

The defendant appeared at the second trial before the justice and took his chances there; appealed the case to the Circuit Court, where he had another trial, without complaining of the action of the justice in setting aside the first judgment, and for the first time sets up this unauthorized judgment of his own procuring in the District Court as a bar to the plaintiff's right to recover. This he will not be permitted to do.

We think that there was sufficient evidence tending to prove that Moore was the servant of the defendant to justify the court in submitting the question to the jury. The instructions complained of were properly given.

The judgment of the District Court is reversed. The other judges concur.

