WEEKS v. ETTER, *Appellant.*

1. **Justices of the Peace, Authority of:** NONSUIT, MOTION TO SET ASIDE. A justice of the peace has only such authority as the statute gives him. He has no general power to set aside verdicts, and can only set aside nonsuits when entered on account of the absence of the plaintiff. Where the plaintiff is present when the nonsuit is entered, he has the right to appeal without filing a motion to set it aside.
2. **Title:** POSSESSION. Actual possession is evidence of title against any one who does not show a better title

*Appeal from Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*Rice & Walker* and *Silver* for appellant.

81 375
39a 686

81 375
56a 645

81 375
61a 635

81 375
72a 174

81 375
78a 97

81 375
83a 5

81 375
f85a 631
85a 632

81 375
e96a ¹341

The judgment of the justice being one of nonsuit, there should have been a motion filed to set the same aside, and without such motion the appeal was a nullity. R. S., 3041. The instruction given for plaintiff is not a proper one in a replevin suit, where the only question at issue is the right to the possession of the chattel. 2 Wharton Ev., § 1331; *Gartside v. Nixon,* 43 Mo. 139. The instruction is further erroneous in declaring the possession of the hog in October, 1879, to be presumptive evidence of title. The

suit was instituted November 3rd, 1879, and the time should have applied to the institution of the replevin action, if an instruction of the kind should be given at all. Plaintiff, to recover, must show that he is entitled to the immediate possession. *Cross v. Hulett*, 53 Mo. 397.

*Moore & Williams* and *Draffen & Williams* for respondent.

The judgment in this case was not a nonsuit, within the meaning of Revised Statutes, section 3041, and the justice, therefore, had no power to set it aside, and plaintiff was not bound, as a preliminary to the right of appeal, to move the justice to set it aside. *Hannibal, etc., Plank Road Co. v. Robinson*, 27 Mo. 396. The instruction given for plaintiff was correct. The appellant did not preserve the evidence upon which it was based, and this court cannot decide whether or not it was properly given. *Crews v. Blodgett*, 64 Mo. 453. Before the court can hold it was improper, it must decide it enunciated a principle, that under no state of facts was the law. The converse has frequently been decided by this court. *Van Zant v. Hunter*, 1 Mo. side p. 72. An actual possession is evidence of title against every one who does not show a better title. In the absence of other evidence, a prior lawful possession is proof of a better title. *Simmons v. Austin*, 27 Mo. 307.

EWING, C.—This was a statutory proceeding before a justice of the peace for the claim and delivery of personal property, to-wit, "a black berkshire barrow hog, of the value of $6." The defendant moved to dismiss, because the hog was in custody of the law and not subject to replevy. This motion was sustained. The plaintiff then appealed to the circuit court of Miller county, where the defendant moved to dismiss for want of jurisdiction, upon the ground that the judgment of the justice was a nonsuit, and the plaintiff did not move to set it aside, as required by statute, within ten days, nor at any time, before appeal.

This motion the court overruled; whereupon the defendant prayed for a change of venue which was awarded, and the case sent to Moniteau county. Without any further preliminary matters the case was tried in the Moniteau circuit court, where there was a verdict and judgment for the plaintiff for $6 with 1 cent damages, from which the defendant appealed to this court.

I. The first and second points made by the appellant, that there was no affidavit and bond for appeal from the justice, nor a statement of the cause of action, have no longer any force, since the amended record filed in obedience to the writ of *certiorari* discloses the fact that the statement was filed, as also the affidavit and appeal bond.

II. The third point made by the appellant is, that "the judgment of the justice being one of nonsuit, there should have been a motion filed to set it aside, and without such motion, the appeal was a nullity." That part of section 3041, upon which appellant relies, is as follows: "No appeal shall be allowed in any case unless the following requisites be complied with: First, the appeal must be made within ten days after the judgment rendered, or, when judgment is by default or nonsuit, within ten days after the refusal of the justice to set aside the default or nonsuit and grant a new trial." Section 2948 provides: "In all cases, not otherwise especially provided for, if the plaintiff fail to appear, in person or by agent, within three hours after the time appointed for the trial of the cause, the justice shall render judgment of nonsuit against him with costs." The third subdivision of section 2947 provides: "Third, if the plaintiff fail to appear, except where the suit is founded on an instrument of writing, as is declared in the first clause of this section, the justice shall render judgment of nonsuit against the plaintiff, with costs." Section 2949 provides: "Every justice shall have power    *    to set aside the judgment of nonsuit and by default," etc.    *    *    every such application shall be made

within ten days    *    *    after the rendering of the judgment."

So that the statute only provides for nonsuit against plaintiff, *if he fails to appear.* In this case he did appear. When, therefore, nonsuit is entered against him for non-appearance, he may appeal, provided he files his motion to set it aside within ten days after judgment rendered. But being present when rendered, it requires no motion to set aside. He may appeal at once without such motion. This identical question was passed upon by this court in *Hannibal, Ralls Co. & Paris Plank Road Co. v. Robinson,* 27 Mo. 396. That decision was under the Revised Code of 1845, which, also, provides that: "Every such application" (that is to set aside a judgment of nonsuit) "shall be made within ten days after rendering judgment." It was there held that the judgment of nonsuit referred to cases where the plaintiff was not present.

A justice of the peace has no power, except what the statute gives him ; and the statute only provides for setting aside nonsuits in cases where the nonsuit was entered, because of the absence of the plaintiff. He has no general power to set aside verdicts. Hence, the plaintiff being present when the nonsuit was entered, he had the right to appeal without filing a motion to set it aside.

III. The next point made by the appellant is, as to the instructions given for the plaintiff. The first instruction given for plaintiff, and the only one complained of, reads as follows: "If the jury believe from the evidence in this case that in the month of October, 1879, Weeks, the plaintiff, had in his possession and under his control the hog in question, using and claiming him as his own, then such possession on the part of Weeks is *prima facie,* or presumptive evidence that he was the rightful owner of said hog. And if the jury should further find from the evidence that at the time of the commencement of this suit Weeks, the plaintiff, was the owner of the hog sued for, then they must find their verdict for the plaintiff."

This instruction is not objectionable. "Actual possession is evidence of title against any one who does not show a better title." 2 Greenleaf Ev., § 637 ; *Simmons v. Austin*, 36 Mo. 307 ; *Smith v. Lydick*, 42 Mo. 209.

The judgment of the circuit court must be affirmed. PHILIPS, C., not sitting ; MARTIN, C., concurs.