STATE ex rel. JOHN H. SCHROEDER et al., Respondents, v. MOOS & CO. et al., Appellants.

St. Louis Court of Appeals, November 14, 1899.

Attachment: INDEMNIFYING BOND: OWNERSHIP. In a suit upon an indemnifying bond when it is undisputed that the relators were in actual possession of a stock of goods at the time an attachment writ was served, a *prima facie* case of ownership by the relators, is made for the relators.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

AFFIRMED.

*Joseph Wheless, Grant, Carroll & Wheless* for appellant.

It was essential to plaintiffs' case for them to prove that they were the owners of the property levied upon under the attachment of Moos & Co. The petition avers that the goods attached were "at the time of the levy the absolute property of the relators." There is not a scintilla of evidence in the record to prove it. On the contrary, the evidence adduced under plaintiffs' own testimony tended to raise, if it did not fully establish, a presumption of *mala fides* on their part, in connection with their acquiring the possession of the goods attached and in making the claim of title to it. Their own evidence raises this presumption strongly: First, the petition in the attachment suit of Moos & Co., which plaintiffs put in evidence (Abstract, p. 6), states a strong case of fraud and collusion against them, and this evidence is nowhere denied, and could not be. Second, the plaintiff, Canmann, was the head and instigator of all the frauds charged, which would have been fully proven by evidence offered by defendants and wrongfully rejected by the court. Third, the plaintiffs are mere volunteer purchasers, even if no question of fraud were brought home to them, and by their own admission, paid nothing for the goods conveyed to them in the bill of sale of the Canmann Fish Company. The burden of proof being on them to show ownership, as well as the presumption of fraud being against them under their own evidence, they failed signally in making the proof or rebutting the presumption. Therefore, the instruction of nonsuit should have been given.

*Daniel Dillon* and *Geo. E. Eggers* for respondents.

Relators proved that they were in possession of the goods in question, had them in their store where they were carrying on business, when they were seized and taken away under a writ of attachment, not against relators, or any of them, but against the Canman-Voelkers Fish Co. They further showed that they had bought the goods of a corporation named the Canman Fish Co., which had been organized and in actual business from about September 1, 1897, to January 21, 1898, when it sold out to relators. Surely this was all that relators were required to prove, in the first instance at any rate. Possession of personal property is *prima facie* evidence of ownership. This is an elementary proposition. State ex rel. v. Hope, 88 Mo. 435; Weeks v. Etter, 81 Mo. 375; Simmons v. Austin, 36 Mo. 307; Philips v. Schall, 21 Mo. App. 38.

BIGGS, J.—This is an action on an indemnifying bond. On the twenty-sixth day of January, 1898, the relators were copartners and were doing business under the firm name of the Missouri Fish Company. On that day the defendant Moos and Company sued out an attachment in the circuit court against the Canman-Voelkers Fish Company, a corporation. Under the direction of Moos and Company the sheriff levied the writ of attachment upon a stock of goods then in the possession of the Missouri Fish Company. The latter made claim to the property and the bond in suit was given by Moos and Company to indemnify the sheriff against the claim. The petition is in the usual form. The answer is a general denial. The jury returned a verdict for plaintiffs for the value of the goods. The defendants have appealed and complain of the insufficiency of plaintiffs' evidence; that

the circuit court erred in rejecting competent evidence, and in giving and refusing instructions.

The case as now presented by counsel for defendants is that the goods in question formerly belonged to the Canman-Voelkers Fish Company; that they were sold by it to the Canman Fish Company, another corporation; that the latter company sold the stock to the Missouri Fish Company; that the two transfers were made to defraud and defeat the creditors of the Canman-Voelkers Fish Company in the collection of their demands, and that the members of the Missouri Fish Company were cognizant of the fraud and participated therein. In attempting to establish this defense counsel failed to introduce any evidence that the goods in question formerly belonged to the Canman-Voelkers Fish Company, and no offer of proof by him tended in the remotest degree to establish that fact. Therefore the assignments of error, which are based on offers of proof as to fraudulent purchases and sales by the Canman-Voelkers Fish Company must be overruled.

Clearly such evidence was irrelevant in the absence of proof that the goods levied upon at one time belonged to that corporation. For the same reason all of the instructions asked by the defendants were properly refused.

The assignment that the plaintiffs' evidence was insufficient to justify a recovery must likewise be overruled. It was undisputed that the relators were in the actual possession of the stock of goods at the time the attachment writ was served. This made for the relators a *prima facie* case of ownership of the goods. State ex rel. v. Hope, 88 Mo. 435; Weeks v. Etter, 81 Mo. 375; Simmons v. Austin, 36 Mo. 307; Martin v. Fox, 40 Mo. App. 664.

Finding no error in the record, the judgment will be affirmed. All concur.