State ex rel. v. Cline.

STATE ex rel. J. F. SCHONHORST, Relator, v. F. A. CLINE, Justice of the Peace, Respondent.

**St. Louis Court of Appeals, November 20, 1900.**

1. **Justice of the Peace:** JUSTICE'S COURT: JURISDICTION OF JUSTICE: WRITTEN INSTRUCTIONS TO JURY: STATUTORY CONSTRUCTION. A justice of the peace has no right to direct a jury as to their verdict, but he may inform the jury either orally or in writing as to his rulings on the testimony.

2. ———: ———: ———: ———: PRACTICE AND PROCEDURE. Section 4,004, Revised Statutes 1899, pertains to the mode or manner of the examination of witnesses, the order of the testimony, the admissibility of evidence and the competency of witnesses, and the argument of the case.

3. ———: ———: ———. As to such matters the judgment of the justice must prevail, and his decisions must be governed by the practice in the circuit court so far as applicable.

4. **Prohibition:** ADEQUATE REMEDY: DEFINITION. Prohibition is the proper remedy, unless the relator has an adequate remedy, and by this is meant that the other remedy must afford the particular right to which the party is entitled. Anything which falls short of that is not adequate and complete.

5. ———: ———: JURISDICTION. Prohibition will lie to restrain the exercise of an excess of jurisdiction.

6. ———: ———: VERDICT: USURPATION OF POWER. And in the case at bar, the justice of the peace in directing the verdict of the jury was guilty of an usurpation of judicial power.

WRIT OF PROHIBITION ISSUED AGAINST RESPONDENT (*with directions*).

*H. N. Moore* for relator.

(1) Prohibition is the proper remedy in this case. "The remedy afforded by the writ of prohition shall be granted to prevent usurpation of judicial power, and in all cases where the same is now applicable according to the principles of law." Sec. 4448, R. S. 1899. It is a direct attack on the action of the court. State ex rel. v. Rombauer, 105 Mo. 103. (2) Such remedy is adequate when it reaches the end intended, and actually compels the performance of the duty which has been neglected or refused (or cures the wrong done). It must apply to the case, and afford the particular right to which the party is entitled. Anything which falls short of that is not adequate or complete. State ex rel. v. McCracken, 60 Mo. App. l. c. 655; Mirril on Mandamus, sec. 53. (3) Judge Henry S. Kelley in his "Kelley's New Treatise, Edition of 1890" has discussed this very section 4004, known in Revised Statutes 1879, as section 6272. After a long discussion Judge Kelley says: "In all cases tried by juries in justices' courts, they are the judges of the law and facts; the whole case is submitted to them for decision without any instructions from the justice." Kelley's New Treatise, Edition of 1890, pp. 98 and 99, sec. 115.

*F. A. Cline* for respondent.

(1) The case in the justice's court was a suit on a promissory note brought by one Mrs. Ochsner, as plaintiff, she being the assignee and holder of said note, against the relator. The answer, set-off and counterclaim filed therein by relator admitted the execution of said note, but claimed damages by reason of certain agreements to be carried out by Fischer & Company, alleged to be agents of Mrs. Ochsner, with regard to extending for relator a certain lease delivered to Fischer & Company., as part of the same transaction rep-

resented by the giving of said note. In addition to relator's admission, to the extent above stated, of the delivery of said note sued on, it further appears from the agreed statement of facts, filed herein, that evidence was also introduced tending to prove the transfer and delivery of said note to Mrs. Ochsner. It appears that all evidence concerning the matters and events alleged in said counterclaim were ruled out by the justice, and as a matter of law, the instruction herein complained of comes within the rule laid down in Wolff v. Campbell, 110 Mo. 114, and stated the law of the case. Mineral Land Co. v. Ross, 135 Mo. l. c. 107; Stephens v. Barber Supply Co., 67 Mo. App. 587. (2) It is, however, claimed that a justice of the peace has no power to give an instruction to a jury at all, and that any verdict following such an instruction should be "prohibited." (3) It is not claimed that any statute on the subject in terms denies such power or prohibits it. As a matter of fact, by section 4004, Revised Statutes 1899 (first classed in 1879), "the submission of evidence, etc.," in a justice's court is to be governed by the usage and practice of the circuit court. And not a single case can be found in the reports of our state in which a justice's instruction was ever called in question.

BIGGS, J.—The relator is the defendant in an action now pending before the respondent, who is one of the justices of the peace for the city of St. Louis. The action is on a promissory note which the relator admits he executed. The plaintiff in the suit claimed to own the note, which the relator denied. On a trial before a jury the relator interposed the defense of payment. The probative force of his evidence as to payment depended upon whether Fisher & Company, with whom the relator claimed to have had his dealings, were the agents of the plaintiff in the suit. The respondent admitted

the evidence upon the statement of relator's counsel that it would be supplemented by evidence tending to prove the alleged agency. This was not done, and at the close of the evidence the respondent ruled that all evidence of payment was improperly admitted. The jury retired for consultation, and after considerable delay they reported to the respondent, through the constable, that they could not agree on a verdict. Thereupon the respondent wrote the following instruction, which was delivered to the jury, to-wit: "I hereby state to the jury that there is absolutely no evidence in this case of payment of the note herein sued on *and they are instructed to find for the plaintiff;* all evidence of payment having been objected to by the plaintiff and said objections having been sustained by the justice." The relator protested against the action of the respondent in giving the instruction and insisted that he could only discharge the jury. Subsequently a verdict in favor of the plaintiff was returned, upon which the respondent expressed an intention of entering a judgment. The relator immediately gave notice of his intention to apply to this court for a writ of prohibition to prevent the alleged act of judicial usurpation.

It is conceded by the respondent that a justice of the peace has no power except what the statute gives him (Weeks v. Etter, 81 Mo. 375), but he insists that the power of a justice to instruct juries is given by section 4004, Revised Statutes of 1899. The section reads: "The proceedings upon the trial of suits before justices of the peace with respect to the examination of witnesses, the submission of evidence and argument, and the order and conduct of the trial, shall, when no other provision is made by law, be governed by the usage and practice in the circuit court, so far as the same may be applicable." The precise question presented has not been

the subject of adjudication by the appellate courts of the State, but the rulings of the Supreme Court on kindred questions leave no doubt of the incorrectness of respondent's contention.    Thus in Fortier v. Ball, 43 Mo. 23, it was decided that a justice of the peace had no power to render an involuntary nonsuit when a jury had been impaneled in the case. This is necessarily upon the theory that in a trial before a justice the jurors are *the sole judges of the law and testimony.*    So in Weeks v. Etter, *supra,* it was decided that a justice has no power to set aside a verdict or a nonsuit except when the nonsuit is entered on account of the absence of the plaintiff.    To the same effect is State ex rel. v. Shenault, 72 Mo. App. 171.    We therefore conclude that the respondent in giving the instruction in question usurped his judicial powers.    We think that he might have informed the jurors either orally or in writing as to his rulings on the testimony, but he had no right to direct them as to their verdict.    It may be true that after the exclusion of the incompetent testimony there was no defense against the note, but the alleged assignment of the note remained an issue in the case, and the jurors were the sole judges of the credibility of the testimony bearing on it.    We think that section 4004, *supra,* pertains to the mode or manner of the examination of witnesses, the order of the testimony, the admissibility of evidence and the competency of witnesses, and the argument of the case.    As to such matters the judgment of the justice must prevail, and in his decision he must be governed by the practice in the circuit court if applicable.

It is finally suggested by the respondent that an appeal was the relator's remedy.    But it suffices to say that the relator ought not to be compelled to resort to that remedy. He was entitled to a full and complete trial before the justice, which he did not get.    Besides an appeal would not have

been an adequate remedy. As before intimated the relator was entitled to the uncontrolled verdict of the jury which he could not remedy on appeal. It is a rule that prohibition is the proper remedy, unless the relator has an adequate remedy, and by this is meant that the other remedy "must afford the particular right to which the party is entitled. Anything which falls short of that is not adequate and complete." Merrill on Mandamus, sec. 53; State ex rel. v. McCracken, 60 Mo. App. 655. Thus it has been held that the remedy by appeal is not adequate to correct the error of a justice in wrongfully refusing a change of venue. State v. Clayton, 34 Mo. App. 563. So where a justice wantonly refuses an application for a continuance the Supreme Court has held that mandamus will lie, the remedy by appeal being considered inadequate.

Our conclusion is that the respondent in directing the verdict of the jury in the case in question was guilty of an usurpation of judicial power (art. 1, chap. 55, R. S. 1899), which rendered such verdict null and void. This was not mere error or irregularity, but a sheer usurpation of a jurisdiction not conferred upon him by law. To restrain the exercise of an excess of jurisdiction, prohibition will lie. State ex rel. v. Aloe, 152 Mo. 466; State ex rel. v. Withrow, 141 Mo. 69. Therefore as the relator is without other adequate remedy, it is adjudged by us that the respondent be and is hereby prohibited from entering judgment on the verdict, and is hereby directed and required to enter an order on his docket discharging the jury, and that he proceed to retry the case according to law.

All concur; Judge *Bond* in the result.