STATE ex rel. LOUISE BENSON, Appellant, v. FLOYD W. BROOKS, Respondent.

St. Louis Court of Appeals, October 8, 1912.

1. BREACH OF THE PEACE: Sufficiency of Complaint: Justices' Courts. In an action to require defendant to enter into a recognizance to keep the peace, the complaint was in writing and upon the oath of complainant, and charged that defendant threatened to beat complainant and her son and accompanied the threats with vile epithets; that, after making such threats, defendant reentered her own premises and, after providing herself with a long iron bolt, returned to the street, where she flourished and brandished the same in an angry manner, and directed curses and threats of bodily violence at complainant, to her great fear and terror; and that complainant was fearful that defendant would execute said threats or do her some great bodily harm, unless restrained by law. *Held*, that the complaint was sufficient, under Secs. 4955, 4956, R. S. 1909, providing that any person who has threatened or is about to commit any offense against the person or property of another may be compelled to enter into a recognizance to keep the peace.

2. MANDAMUS: Justices' Courts: Breach of the Peace: Compelling Reinstatement of Case. Sections 4955, 4956, R. S. 1909, provide that, whenever complaint shall be made in writing upon oath to any magistrate that a person named has threatened or is about to commit a specified offense against the

person or property of another, the magistrate shall issue a warrant, and cause the matters to be inquired into by a jury, and shall require the defendant to enter into a recognizance to keep the peace, if the jury find that there is good reason to fear the commission of the offense charged. *Held*, that such duties are precise and certain, and leave nothing to discretion, so that mandamus is the proper remedy to compel a justice of the peace to proceed with the trial of a proceeding to require a defendant to give a recognizance to keep the peace, where, after the jury had been sworn, the justice erroneously dismissed the case on the ground the complaint was insufficient in law.

3. **JUSTICES' COURTS: Powers: Breach of the Peace: Mandamus.** Where a written complaint on oath, under Secs. 4955, 4956, R. S. 1909, which provides for recognizances to keep the peace, expressly stating all that the statute requires, was presented to a justice, he was not exercising judicial power or discretion in dismissing the complaint for insufficiency after a jury was impaneled, since he has only such powers as are given by statute, and no such power is given him by statute.

4. **MANDAMUS: Justices' Courts: Breach of the Peace: Compelling Reinstatement of Case: Adequacy of Other Remedies.** The right to appeal being given only to the person required to give a recognizance to keep the peace, and the duties of the justice as to such recognizances not being of such a judicial nature as to authorize review upon *certiorari*, neither appeal nor *certiorari* would be an adequate remedy to compel a justice of the peace to proceed with a trial, under Secs. 4955, 4956, R. S. 1909, where he had erroneously dismissed the proceeding on the ground the complaint was insufficient, and hence mandamus is the proper remedy to compel him to proceed with the trial.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdemann*, Judge.

REVERSED AND REMANDED.

*Henry Rowe* and *Thos. J. Rowe, Jr.,* for appellant.

*Noble & Burnett* for respondent.

CAULFIELD, J.—This cause comes here on appeal by the relator from a judgment of the circuit court of St. Louis county quashing an alternative writ of mandamus, on motion of respondent.

Briefly and generally stated, it appears from the statements in the petition, as set forth in said alternative writ, that a proceeding to compel one Victoria W. Carter to enter into a recognizance to keep the peace toward the people of the State and particularly toward the complainant, this relator, was pending before respondent, a justice of the peace within and for Bonhomme township in the county of St. Louis, under sections 4955 and 4956 of the Revised Statutes of Missouri, 1909, which read as follows:

"Sec. 4955. *Warrant May Issue, When.*—Whenever complaint shall be made in writing, and upon oath, to any such magistrate, that any person has threatened, or is about to commit any offense against the person or property of another, specifying the offense and person complained against, it shall be the duty of the magistrate to issue a warrant, under his hand, reciting the complaint, and commanding the officer to whom it is directed forthwith to apprehend the person so complained of, and bring him before such magistrate."

"Sec. 4956. *Proceedings Before Magistrate.*—Upon such person being brought before such magistrate, it shall be the duty of the magistrate to summon all witnesses which either party may require, and cause the matters charged in the complaint to be inquired into by a jury of six competent men. If the jury find that there is good reason to fear the commission of the offense charged, then they shall render a verdict of guilty against the defendant, and the magistrate shall thereupon require the defendant to enter into a recognizance, in such sum, not exceeding one thousand dollars, as he shall direct, with one or more sufficient sureties conditioned that said defendant will keep the peace toward the people of the State, and particularly toward the complainant, for such time as shall be specified in said recognizance, which shall not be less than three months nor more than one year from the date thereof;

and the defendant shall be liable for costs, as in other cases of conviction.''

It appears that all of the steps prescribed by said sections had been followed and duly observed down to and including the point where the person complained of was before said justice, the cause had been set down for trial and the jury had been duly impaneled to inquire into the matters charged in the complaint, whereupon, at the time the hearing was to be had before the jury, the justice over the objection of the complainant, this relator, refused to further entertain said cause and entered an order dismissing same on the ground that the complaint upon which it was based was insufficient. Said complaint, which was in writing and upon oath, stated in substance that said Victoria W. Carter had threatened to beat the complainant, this relator, and her son, accompanying the threats with vile epithets; that after making such threats said Victoria W. Carter re-entered her own premises, and thereupon providing herself with a long iron bolt, returned into the street where she flourished and brandished same in an angry manner and directed curses and threats of bodily violence at the complainant to her great fear and terror; that from the manner of said threats complainant is fearful that said Victoria W. Carter will carry them into execution or do her some great bodily harm or injury unless restrained by law.

By the writ of mandamus it was sought to compel the respondent ''to vacate and annul the order dismissing said cause and to reinstate, entertain and proceed with the trial of said cause; to set same on a day certain for trial and to cause the matters alleged in the complaint to be inquired into by a jury of six competent men.''

We are of the opinion that, on the facts so stated, the trial court erred in quashing the alternative writ. The complaint was undoubtedly sufficient, for it was in writing and upon oath, and stated that the defendant

State ex rel. v. Brooks.

had threatened the person of the complainant, which was all the statute required. That being so, it was the duty of the justice to proceed and perform the duties enjoined upon him by the statute, among which was the duty to "cause the matters charged in the complaint to be inquired into by a jury." These duties are prescribed and defined by the statutory provisions above set forth with such precision and certainty as to leave nothing to the exercise of discretion or judgment. They are specific duties, clearly, unmistakably and imperatively enjoined by law. They are mere ministerial duties, and mandamus is a proper remedy to compel performance. [State ex rel. v. Clayton, 34 Mo. App. 563; Land Office v. Smith, 5 Tex. 471, 479; State ex rel. v. Cook, 174 Mo. 1. c..118, 73 S. W. 489; Merrill on Mandamus, sec. 186.]

It cannot properly be said that the justice was exercising any judicial power or discretion in ruling that the complaint was insufficient and dismissing the proceeding on that ground. A justice of the peace has no power except that which the statute gives to him. [Weeks v. Etter, 81 Mo. 375.] Thus, it is held that he has no general power to set aside verdicts and can only set aside nonsuits when entered on account of the absence of the plaintiff. [Weeks v. Etter, supra.] He has no right to direct a jury as to their verdict (State ex rel. v. Cline, 85 Mo. App. 628), nor to render an involuntary nonsuit when a jury had been impaneled in the case. [Fortier v. Ball, 43 Mo. 23.] As no power is given to him by statute to pass upon the sufficiency of the complaint or to dismiss the proceeding against the objection of the complainant after the jury was impaneled, we conclude that he had no such power.

It was suggested in the motion to quash that the relator had an adequate remedy by appeal or *certiorari*, but such is not the case. The right to appeal is given only to the person complained of and convicted (Sec. 4964, R. S. 1909), and the duties required to be

performed by the justice are not of such a judicial nature or character as to authorize their review upon *certiorari*. [Harris on Certiorari, sec. 48.] Besides, neither appeal nor *certiorari* would be an adequate remedy, and relator should not be compelled to resort to it. [See State ex rel. v. Cline, supra.]

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.