FRANCES LEHMER, RESPONDENT, v. J. W. SMITH, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed May 27, 1926.

**1.—Malicious Prosecution—Advice of Counsel.** Advice of counsel is not defense in action for malicious prosecution, where true facts are not stated to counsel.

**2.—Same—Termination of Action.** Before an action for malicious prosecution will lie, the alleged malicious action must have terminated in favor of the party alleging injury.

**3.—Criminal Law—Justices of the Peace—Jury Trial.** In a jury trial before a justice of the peace the jury is the sole judge of the law and the evidence.

**4.—Same—Same—Same.** In jury trial in criminal prosecution before a justice of the peace, justice may rule upon the competency of evidence but not upon its sufficiency.

**5.—Same—Police Judge—City of Fourth Class—Dismissing Action.** Police judge in city of fourth class had no lawful authority to sustain motion to dismiss prosecution in case tried to jury before him, in view of section 8432, Revised Statutes 1919, as jury was judge of law and facts.

**6.—Malicious Prosecution—Termination of Action—Improper Dismissal of Action Held no Defense.** In action for malicious prosecution, where such prosecution was dismissed by police judge without authority, defendant **held** not entitled to rely thereon as defense because not having terminated action, in absence of any efforts to secure further action in the matter, as might have been done under section 9343, Revised Statutes 1909 (section 8441, Revised Statutes 1919).

**7.—Same—Same—Abandonment of Prosecution.** When a prosecution is abandoned either by the prosecuting attorney or by the complaining witness, such is a sufficient termination of the prosecution to meet the requirements respecting termination in an action for malicious prosecution.

**8.—Appeal and Error—Appellate Practice—Misjoinder of Actions—Demurrer—Necessity of Ruling, Before Reviewable.** Where defendant complained on appeal of misjoinder of actions in petition, and record proper showed he had filed demurrer challenging petition on such ground, but no showing that demurrer was ruled upon, there was nothing before appellate court for review on such assignment.

**9.—Same—Trial Practice—Submission of Issue to Jury Held Not Prejudicial, under Circumstances.** In action for malicious prosecution, where trial court would have been justified in instructing jury that prosecution commenced by defendant against plaintiff had been abandoned, submitting issue of termination of the prosecution to jury, even though it was matter of law, held not prejudicial.

**10.—Trial—Malicious Prosecution—Damages for Loss of Time.** In action for malicious prosecution, instruction submitting loss of plaintiff's time in preparing defense to prosecution as element of actual damage **held** erroneous, in absence of evidence of value of time.

**11.—Appeal and Error—Appellate Practice—Malicious Prosecution—Error in Submitting Unproved Element of Damage Held Not Harmful under Circumstances.** In action for malicious prosecution, error in submitting ele-

ment of damage which was not sufficiently proved **held** not harmful, where damages were clearly not excessive for elements properly submitted, and were not claimed to be excessive.

**12.—Trial—Malicious Prosecution—"Malice."** In action for malicious prosecution, instruction defining malice as wrongful act done against a person intentionally **held** not reversible error because failing to add "without legal justification or excuse," in view of other instructions.

**13.—Trial—Instruction Properly Refused.** Refusal of instruction covered by others given by court, as to nature of issue in action for malicious prosecution, **held** not error.

**14.—Same—Appeal and Error—Refusal of Instruction Held Not Prejudicial.** Where damages recovered for assault and battery were only fifty dollars, and there had been no attempt to prove permanent injury and question thereof was not submitted, refusal of instruction that there was no evidence of such injury **held** not prejudicial.

**15.—Malicious Prosecution—Trial—Evidence Held Properly Admitted.** In action for malicious prosecution, evidence as to conduct of city marshal in arresting plaintiff **held** not objectionable, in absence of any showing that marshal did anything unusual or abused his authority.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 889, n. 16; 4CJ, p. 1025, n. 71; p. 1045, n. 48; p. 1048, n. 76; Criminal Law, 16CJ, p. 921, n. 92; p. 926, n. 62; p. 929, n. 86; p. 939, n. 32 New; Malicious Prosecution, 38CJ, p. 432, n. 87; p. 438, n. 61; p. 443, n. 5 New; p. 444, n. 17; p. 495, n. 29; p. 512, n. 9; Trial, 38Cyc, p. 1618, n. 36; p. 1711, n. 19; p. 1785, n. 90.

Appeal from the Circuit Court of Polk County.—Hon. C. H. Skinker, Judge.

AFFIRMED.

*Roy M. Huff, Lee E. Crook, W. A. Dollarhide* and *T. H. Douglass* for appellant.

(1) Before an action for malicious prosecution can be maintained the following essential elements must be present: 1. The prosecuion must have terminated favorably to the plaintiff. 2. The prosecution must have been instituted maliciously. 3. The prosecution must have been without probable cause. Beck v. Forsee, 199 S. W. 734. Before an action for malicious prosecution, either civil or criminal can be maintained, the rule is well settled that the alleged malicious action must have terminated in favor of the plaintiff. Weber v. Stroble, 225 S. W. 927-8; Sharp v. Johnston, 76 Mo. 660; Mooney v. Kennett, 19 Mo. 551. There was no termination of the prosecution in the case at bar in favor of the plaintiff before the police judge. A jury was empaneled to try the case and the police judge attempted to take the case away from the jury and refused to permit them to decide the case. He had no authority to do this. His action was void and of no effect and left the case of the city of El Dorado Springs

against M. E. Atkinson and Frances Lehmer still pending in the police court. A police judge of a city of the fourth class is a statutory officer and has the same powers and authority within the range of his jurisdiction and must follow the same procedure in the trial of cases as a justice of the peace in misdemeanor cases. Section 8432, R. S. 1919. The defendant or the prosecuting attorney may demand a jury trial before a justice of the peace in misdemeanor cases, and the jury, after being empaneled and sworn, has the sole authority to decide the case. Section 3780, 3781, 3782, 3783 and 3784, R. S. 1919. A justice of the peace has no authority to take a case from the jury. 24 Cyc. 584. A justice may instruct the jury as to his rulings on the testimony but he cannot direct them as to their verdict. State ex rel. v. Cline, 85 Mo. App. 628; Lamis v. Ry. Co., 17 Mo. App. 340, 355. There having been no final termination of the cause, no legal acquittal, the action on plaintiff's (respondent's) amended petition cannot be maintained. Wilkerson v. McGhee, 178 S. W. 471, 265 Mo. 574; Moore v. Sanbourin, 42 Mo. 490; Kelley v. Osborne, 86 Mo. App. 239; Leonard v. Transit Co., 115 Mo. App. 349; 26 Cyc., pp. 55 and 57; Mooney v. Kennett, 19 Mo. 551. Under section 8441, Revised Statutes 1919, either the city or the defendant has right of appeal from an adverse decision on final termination in police court. The defendant (appellant) is neither the city nor the defendant in the cause before the police court, hence he had no right of appeal if the case had been finally decided against him. The police court docket showing on its face that there had been no final termination of the cause against M. E. Atkinson and Frances Lehmer, was not competent evidence. For the above reasons and authorities cited in support of same, we submit that the court should have sustained demurrer to plaintiff's evidence at close of plaintiff's evidence, and also at close of whole case. The same proposition was again raised by defendant's offered instruction "F" which the court refused. This was error as above shown. (2) Malice in law is a wrongful act done intentionally without legal justification or excuse. Plaintiff's instruction No. 4 was erroneous by reason of the omission of the words "without legal justification or excuse." Waddell v. Krause, 241 S. W. 964. This error was not cured by other instructions in the case.

*Collins & Osborne* and *Herman Pufahl* for respondent.

(1) We have no fault to find with appellant's abstract proposition of law under his point 1. However in the case at bar there was a final termination of the case. The judgment of the police judge set out on page 32 of appellant's Abstract says, "that the court sustains the motion to dismiss the case and taxes the costs against the prosecuting witness, J. W. Smith." No appeal having been taken from that judg-

ment it is final; the case of the city of Eldorado Springs against the plaintiff, Francis Lehmer, was dismissed. The city had the right of appeal from that judgment under section 8441, Revised Statutes 1919, but failed to take any appeal; neither were any steps taken by the city to prohibit the police judge from discharging the defendants. Therefore that judgment is final. However, in the case at bar, the abstract of the record of appellant shows that the attorneys for the city asked for a jury. On the top of page 32 is the following: At- torneys for the city asked for a jury trial and summons for twelve men issued.'' The city was not entitled to a jury trial and had no right to demand a jury, and the action of the police judge in sum- moning a jury at the request of the city was clearly in excess of his authority. Section 8432, Revised Statutes 1919. (2) The plain- tiff's instruction No. 4 defining malice has been so often up- held by the various Courts of Appeal and by the Supreme Court, that it seems needless and useless to cite authorities. However, there is one decision by the Supreme Court of this State that so fully answers the contention of the appellant that we cite it herewith. State ex rel. Rothenheber v. Allen, et al., Judges, 270 S. W. 633.

BRADLEY, J.—This is an action for damages for malicious prose- cution and for assault and battery. The cause was filed in Cedar county, but the venue was changed to Polk. The issues were submitted to a jury, resulting in a verdict on the count for malicious prosecu- tion in the sum of $1000 for actual damages and $750 for punitive damages. On the count for assault and battery the verdict was for $500 for actual damages and $300 punitive. Motion for a new trial was duly filed. Plaintiff filed a *remittitur* of $450 of the actual damages found on the count for assault and battery. Judgment, after the *remittitur,* was entered and defendant appealed.

In the first count of her amended petition plaintiff alleged that on September 11, 1924, the defendant maliciously intending to injure her in her good name and reputation appeared before the police judge of the city of Eldorado Springs, and intending to oppress plain- tiff and to deprive her of her liberty and to bring shame and dis- grace upon her, and without probable cause, charged plaintiff with having committed an act of lewdness, and did maliciously and with- out probable cause procure said police judge to issue a warrant for the arrest of plaintiff upon said charge. Plaintiff further alleged that she was arrested upon said charge, tried and discharged, and that because of the alleged wrongful prosecution she suffered great in convenience, pain and mental anguish, humiliation, distress, etc. to her damage.

The second count of the amended petition alleged that on September 11, 1924, at the City of Eldorado Springs defendant without cause or provocation wilfully, wrongfully and unlawfully assaulted, and beat plaintiff, etc.

In answer to the first count defendant admitted that he made the complaint before the police judge, and admitted that plaintiff was arrested on said complaint and gave bail, but denied generally all other allegations. Further answering the first count defendant alleged that before making the complaint before the police judge he consulted the city attorney of Eldorado Springs and other reputable attorneys and in good faith and without malice made a full and complete disclosure of all the facts and circumstances in connection with the alleged offense of plaintiff, and was advised that an offense had been committed by plaintiff, and that on the advice of counsel he made the complaint mentioned in the first count of plaintiff's petition. Further answering the first count defendant alleged that plaintiff was in fact guilty of the offense alleged in the complaint filed before the police judge. Further answering the first count defendant alleged that the city of Eldorado Springs is a city of the fourth class; that plaintiff went to trial in the police court of said city before a jury, and that the police judge, without lawful right, sustained a motion to dismiss, and that therefore that cause is, in legal contemplation, still pending in the said police court and has not been finally terminated.

Defendant's answer to the second count was a general denial. A reply traversed the allegations of new matter contained in the answer. Defendant makes several separate assignments, but these may be grouped as follows: (1) Failure to give defendant's peremptory direction at the close of the case so far as concerned the first count; (2) improper joinder of causes; (3) the giving and refusing of instructions; (4) the admission of evidence.

As we gather from defendant's brief and written argument the demurrer is bottomed upon two propositions: First, that there is no substantial evidence that the prosecution complained of was instituted maliciously and without probable cause; and second, that the cause filed in the police court is, in legal contemplation, still there pending and is not terminated in favor of plaintiff.

Plaintiff was twenty-four years of age and married, but was not, at the time, living with her husband. Her parents resided in Eldorado Springs and she made her home with them. Defendant is a physician and surgeon of Eldorado Springs. In October, 1923, defendant operated upon plaintiff for appendicitis. After her recovery defendant employed plaintiff in his office paying her $30 per month. She assisted about the office and also prepared defendant's breakfast and lunch, and under him she learned to nurse and care for the sick.

August 16, 1924, defendant operated upon Meynard Atkinson for appendicitis, and · plaintiff nursed Atkinson during his illness. At·kinson was a young business man and married. After Atkinson had sufficiently recovered he went to defendant's office to have· his wound dressed and plaintiff assisted in dressing the wound. Plaintiff nursed another patient in town and Atkinson visited this patient a few times and brought some flowers. On the morning of September 11, 1924, defendant · operated upon a patient in his office and plaintiff rendered such assistance as was her custom. On this morning plaintiff informed defendant that next day she was going to her husband at Lone Elm, Kansas, and plaintiff says that defendant was provoked when she told him she was going to her husband. On this same morning Atkinson was at defendant's office and solicited defendant to go fishing with him. Defendant declined, but asked Atkinson to go fishing with him. Atkinson also declined.

Defendant started fishing, but found he would have to detour over an unfamiliar road and returned. When he àrrived at his office in the afternoon he claimed to have discovered plaintiff and Atkinson in compromising circumstances from which he concluded that his office was being used for immoral purposes. He says that he upbraided them and that Atkinson confessed and sought his forgiveness and begged him not to tell. Plaintiff and Atkinson denied defendant's charges and gave a plausible explanation respecting Atkinson's presence at the office.

Defendant filed complaint with the police judge charging Atkinson and plaintiff with illicit sexual intercourse in a public place. On this charge plaintiff and Atkinson were arrested and the docket of the police judge respecting the trial recites: "When the evidence of the plaintiff was all in, the attorneys for the defendants made a motion to dismiss the case on the ground the plaintiff has. failed to prove any of the charges against the defendants which after heated arguments by both sides of the case the court sustains .the motion to dismiss the case and taxes the costs against the prosecuting witness."

Defendant testified that he consulted the city attorney before he filed any complaint and other .counsel before he filed the amended complaint, and gave to counsel his version of the facts, and in this he is corroborated. But if he did not relate the true facts advice of counsel would be of no avail. [Webb v. Byrd, 203 Mo. App.· 589, 219 S. W. 683.] The jury did not believe defendant's version of the facts, but by their verdict found ·plaintiff's version to .be the true facts. We do not deem it necessary to any more of the first feature of the demurrer.

Before an action for malicious prosecution will lie· .the alleged malicious action must have terminated in favor of the party alleging injury. [Weber v. Strobel, 223 S. W. (Mo. Sup.) 925.] Eldorado

Springs is a city of the fourth class. By section 8432, Revised Statutes 1919, it is provided that persons charged with a violation of a city ordinance of a city of the fourth class shall be entitled to trial by a jury as in prosecutions before a justice of the peace. In a jury trial before a justice of the peace the jury is the sole judge of the law and the evidence. [State ex rel. Schonhorst v. Cline, 85 Mo. App. 628.] A justice of the peace in a jury trial may rule upon the competency of evidence (State ex rel. v. Cline, supra), but not upon its sufficiency. [Fortier v. Ball, 43 Mo. 23; State ex rel. Benson v. Brooks, 167 Mo. App. 619, 150 S. W. 725.] Such in effect is the course of the reasoning in the cases cited. We, therefore, rule that the police judge had no lawful authority to sustain the motion to dismiss, and to enter a judgment of dismissal as was done. The cause was being tried before a jury and the jury was the sole judge of the law and the facts.

But is defendant in a position to interpose the police court situation as a defense to this cause? There is nothing here to show that defendant did anything towards the further prosecution of the cause in the police court. If defendant was not satisfied with the disposition made by the police judge he could, at least, have demanded that the city invoke such remedy as the law offord. But so far as appears defendant did nothing, and made no complaint respecting the disposition of the case in the police court until he was hard pressed for a way out of a suit for damages. It is argued that only the city could have proceeded to redress whatever grievance it had because the police judge dismissed the cause in his court, and that therefore defendant is not at fault. But as we have stated there is nothing here to show that defendant did anything towards the further prosecution of plaintiff in the police court or elsewhere after the police judge dismissed. Defendant was not confined to the police court for redress if plaintiff and Atkinson were guilty as he claimed.

Section 9343, Revised Statutes 1919, provides for an appeal from a judgment of a mayor or police judge of a city of the fourth class, and further provides that such appeal may be taken by either the city or the defendant. Had defendant in the cause at bar in good faith asked the city attorney to prosecute an appeal from the order of the police judge dismissing the city case, or to seek mandamus against the police judge to compel him to proceed with the cause in his court, and had the city attorney refused, then defendant in the cause at bar would not be confronted with the question of abandonment based on his own conduct. Had such appeal or mandamus been sought and had either been granted then the validity of the order of dismissal could have been determined in a court of record. Had the appeal been granted, regardless of the right to appeal from the void order of dismissal, the validity of the order of dismissal in the police court could at least have been determined in the circuit court and the de-

220 Mo. App.—17.

fendant here absolved from the attitude and position of consenting to and acquiescing in the abandonment of the police court prosecution. But since no steps were taken in any court to further prosecute the police court case that cause should be considered as abandoned.

Even though the dismissal in the police court was wrongful defendant's and the city attorney's subsequent failure to take any steps concerning the matter ought to be considered, and we so consider it, as an abandonment of the prosecution. When a prosecution is abandoned either by the prosecuting attorney or by the complaining witness such is a sufficient termination of the prosecution to meet the requirements respecting termination in an action for malicious prosecution. [18 R. C. L., p. 24; Waters v. Winn, 82 S. E. (Ga.) 537, L. R. A. 1915 A 601.] It is our conclusion that the court properly refused the demurrer leveled at the evidence on the first count of the petition.

It is contended that plaintiff could not join in the same petition a count in malicious prosecution with a count for assault and battery. The record proper shows that defendant filed a demurrer challenging the petition on the ground of improper joinder, but it is not shown anywhere that this demurrer was ruled upon. In this situation there is nothing for review on this assignment.

Defendant in his brief proper only challenges instructions 1, 2 and 4 given for plaintiff, and complains of the refusal of his instructions G and H. Defendant complains because instruction number 1 submitted to the jury the issue of discharge in the police court. It is contended that such question was one of law and not of fact. If it be conceded that such question is one of law the effect is without consequence, because the trial court would have been justified in instructing that the prosecution commenced by defendant against plaintiff had been abandoned. The jury found that said prosecution had been terminated. No prejudice came to defendant because of the submission of this issue to the jury.

In the instruction on the measure of actual damages plaintiff included among the elements to be considered the reasonable value of the time necessarily employed in preparing her defense to the prosecution in the police court. There is no direct evidence as to the time employed or its value. There are facts and circumstances from which an inference might be drawn that plaintiff devoted some time to her defense in the police court, but there is no evidence or inference as to the value of this time. It was not proper under the evidence to include the loss of time among the elements of damage, but in the situation here obtaining we do not believe that the error is reversible. Other elements of damage mentioned in the instruction include mental suffering and injury to reputation. Mental suffering and injury to reputation in a cause for malicious prosecution would depend largely

upon the nature of the charge upon which the action for malicious prosecution is founded. The nature of the charge preferred against plaintiff by defendant struck directly at her reputation and was one most likely, if false, to bring to plaintiff the extreme in mental suffering. The actual damages awarded on the first count was $1000. There is no assignment that the verdict is excessive. In view of the absence of an assignment on the amount of the verdict, and the amount of the verdict for actual damages on the first count and the nature of the charge made against plaintiff by defendant we do not believe that we should reverse this judgment because of error in instruction number 2. We do not believe that defendant was prejudiced in the least by this instruction. [See Clark v. Tuttle, 189 S. W. (Mo. App.) 616.].

Plaintiff's instruction number 4 is challenged because it omits the phrase "without legal justification or excuse" in defining malice in law. The instruction defined malice in law as a "wrongful act done against a person intentionally." This question was before the St. Louis Court of Appeals in Waddell v. Krause, 210 Mo. App., 117, 241 S. W. 964. Judge DAUES, speaking for the court in a somewhat extensive consideration, reached the conclusion that in view of other instructions in the case the omission was not reversible error. All that was included in other instructions as appears from the opinion, in the Waddell case, is included in other instructions in the case at bar. Hence the reasoning in the Waddell case, which reasoning is eminently sound and logical, is applicable to our case. We could not add to the clarity of the law upon the question by further discussion. In view of the other instructions we rule against defendant on this assignment.

Defendant complains of the refusal of his instructions G and H. Instruction G was to the effect that the issue on the first count was not whether plaintiff was guilty of lewd and lacivious conduct, but the question was: Did defendant have probable cause for believing she was guilty? While this instruction might have been given yet the same direction, but in somewhat different words, was contained in plaintiff's instructions and also in defendant's instruction number 9. Hence it was not error to refuse this instruction.

Instruction H advised that as to the second count there was no evidence of a permanent injury. Plaintiff made no attempt to prove any permanent injury resulting from the alleged assault, and the question of permanent injury was not submitted. The judgment, after *remittitur*, for actual damages on the assault count was only $50. There was no place for instruction B and clearly defendant was not prejudiced by its refusal.

Defendant complains of the admission of evidence as to the conduct of the city marshal in making the arrest and thereafter. This assignment is based on the theory or contention that evidence as to the

conduct of the marshal towards plaintiff when he arrested her on the charge preferred by defendant tended to prejudice the jury in favor of plaintiff and against defendant.   There is no evidence that the marshal did anything out of the ordinary, or in anyway abused or attempted to abuse his official authority.   Defendant cites Vansickle v. Brown, 68 Mo. 627, to support this assignment.   But there the evidence held to be incompetent was the conduct of the arresting officer in the abuse of his authority.   Plaintiff in the cause at bar was permitted to relate that she accompanied the marshal from the time of the arrest until she gave bond for her appearance.   This covered only a short period of time and there is not a word of evidence that the marshal did anything or said anything that could have been in the least objectionable.   We rule that this assignment is without merit.

We have carefully examined the assignments presented in defendant's brief and we find no substantial error.   The cause was well tried and all issues were fairly submitted.   The judgment should be affirmed and it is so ordered.   *Cox, P. J.,* and *Bailey, J.,* concur.