M’Girk, C. J.,
delivered the opinion of the Court.
This was a proceeding by motion, in a summary way, to recover judgment on certain bank notes, which had been presented to the Bank for specie payment, and refused. The 27th section of tile Bank charter gives the remedy in a summary way on motion, and says, if the Bank refuse specie payment on demand, it shall forfeit five per centum per month, for every month such specie payment may be refused, in addition to the amount of such note or notes.
. The Court entered judgment for the amount of the notes, and five per cent, thereon per month, till paid y before and at the trial, the Bank demanded a trial by jury, which was refused.
To reverse this judgment, a writ of error is brought; many points were made by the counsel for the Bank, none of which are worthy of consideration, except the *175 two first: did the Court err in refusing a jury trial ? and secondly, was the judgment wrong, as to the five per cent, per month ?
It was argued by the counsel for defendant in error, that the words of this statute exclude the right of the party to have a jury trial; the statute says, by motion in a summary way, and that the acceptance of the charter was a waiver of the right of trial by jury.
It is to be supposed, the Legislature which passed this Bank charter, knew what the law was, then in force, relative to jury trials. If they did, the result will be, that if the law then was, that either party should have a jury trial if demanded, then if the Legislature, by the Bank chai ter, intend otherwise, they would have said so expressly; this they have not done. By the English law, a trial by motion dispenses with writ and declaration, and the words “ in a summary way,” dispense with all sort of formal pleading, and a jury also; and, in this case, it is contended, the course must be the same. This doctiine would be good in England, and in this State, if it were not for a provision in our constitution, which says, the trial by jury shall remain inviolate ; the meaning of which is, that with respect to facts, the trial shall be by twelve men, and they shall all and each of them be good and lawful men ; they must have a good fame, possess integrity and intelligence ; they must not be aliens, vagrants, outlaws, nor under conviction of crimes. They must all be under oath when they try a fact or cause; they must all agree in their verdict; and the right to have disputed facts tried by such a jury, and in such a manner is to remain inviolate. It is the right of all parties who arc capable of being sued, and if this right is or can be limited or restrained by the Legislature, because the proceeding is summary, then every case may be required to proceed in the same way, and so the jury trial be entirely undermined and lost; and furthermore, the act of the Legislature of May, 1807, says, that in all cases, either party, in any suit, if he demands it before the trial,, shall have a trial by jury, (see Geyer’s Digest, 256); here the motion was undoubtedly a suit, and the jury trial was demanded and refused. The Bank was a party, and it had a right to have the facts, whether a demand of specie payment was made, and whether it was refused, tried by a jury. This was refused, and this was error. As. to the other point, about the correctness of the judgment, we are unable to give an opinion, not being entirely agreed about that matter.
The judgment of the Circuit Court is, however, reversed, with costs, &c.