STATE of Missouri ex rel. Laura WALKER, Relator-Appellant,

v.

Honorable Harry J. STUSSIE et al., Respondents.

No. 59037.

Supreme Court of Missouri, En Banc.

Nov. 10, 1975.

Allan F. Stewart and Deborah H. Weinstein, Legal Aid Society, Clayton, for relator-appellant.

Arthur Kreisman, St. Louis, for respondents.

HOLMAN, Judge.

This proceeding was filed in the circuit court against Magistrate Harry J. Stussie and Consumer Credit Rating Bureau, Inc., seeking a declaratory judgment and rule on the magistrate. The principal rulings sought were (1) that Section 517.480(1) be declared unconstitutional insofar as it requires the payment of "costs then accrued" as a prerequisite to the power of the magistrate to set aside a default judgment and (2) that an order of the magistrate made March 28, 1969, be set aside. The circuit court ruled in favor of respondents. Relator appealed to the St. Louis District of the Court of Appeals. That court being of the opinion that the appeal involves an issue requiring a construction of the constitution has transferred the case to this court.

The case was submitted upon the brief and argument of appellant, respondents not having filed any brief herein.

The underlying case originated by the filing of a suit in the magistrate court of the City of St. Louis by Consumer Credit against Laura Walker. At the request of plaintiff a change of venue was granted and the case was sent to the magistrate court of respondent in St. Louis County. The case was set for trial on January 28, 1969. Relator apparently intended to appear at the trial but was late and upon arrival found that a default judgment had already been entered against her. Later that day she filed a motion to set aside the default judgment which was immediately sustained and the judgment set aside. Apparently upon a showing that relator was a poor person the magistrate did not require payment of the accrued costs.

On March 28, 1969, Consumer Credit moved the court to set aside its order setting aside the default judgment which was sustained and the order set aside, the court ruling that the order setting aside the default judgment without requiring payment of the costs was in excess of its jurisdiction. This proceeding followed in due course.

Section 517.460 [1] makes provision for entry of a default judgment by the magistrate when a defendant fails to appear. Section 517.480(1) provides that "Every magistrate shall have power, on the application of the party aggrieved or his attorney, and for good cause shown, to set aside the judgment . . . by default above directed, upon the payment of all costs then accrued."

At the outset of our consideration of this case we should bear in mind that "Magistrate courts are courts of limited jurisdiction. They possess only those powers expressly granted by statute. No presumption or inference may be invoked to enlarge this jurisdiction, and they cannot take powers by implication." *State v. Anderson*, 413 S.W.2d 161, 162 (Mo.1967).

---

1. All statutory references are to RSMo 1969, V.A.M.S.

■ The first point raised by appellant is that the magistrate had authority to permit her to proceed as a poor person in seeking an order setting aside the default judgment and hence properly set same aside without requiring payment of the costs. She says that Section 517.480 should be construed in connection with Section 514.360 which provides that "If any magistrate shall before the commencement of any suit, or after the same has been commenced, be satisfied that the plaintiff is a poor person and unable to pay the costs and expenses of the suit, the magistrate may, in his discretion, permit him or her to prosecute his or her action as a poor person, from whom no security for costs shall be required."

We do not agree with relator's contention. Section 517.480 specifically requires the payment of the accrued costs as a condition for setting aside a default judgment. Section 514.360 applies only to plaintiffs. Since magistrates have only such powers as expressly granted we cannot construe Section 514.360 as authorizing a magistrate to permit a defendant seeking to set aside a default judgment to proceed as a poor person and obtain relief without complying with the statute.

■ Relator's second contention is that the magistrate did not have authority to enter the order setting aside the order setting aside the default. With this we agree. We have examined all of the statutes specifying magistrate court procedure and cases construing same (as well as similar prior justice court statutes) and we find nothing which would authorize the magistrate, two months thereafter, to set aside the order in question and, in effect, reinstate the judgment against relator. We have considered the fact that it might be said that the magistrate did not have jurisdiction to set aside the default unless the costs were paid and hence the order was void and could be attacked in most any manner at any time. It should be noted, however, that in the case of *Levine v. Marchisic*, 270 S.W. 643 (Mo.1925) this court held that failure to require payment of the costs as required by the statute did not oust the court of jurisdiction; that such was error which could be waived.

The case of *Olson v. Nunnally*, 47 Kan. 391, 28 P. 149 (1891) is in point. There (as here) the court made an order setting aside a previous order setting aside a judgment. The court held that said order "certainly could not revive or resuscitate the former defunct judgment." 28 P. 150.

As we view this matter the original case is now pending in magistrate court awaiting trial proceedings as provided in Section 517.490.

Our foregoing decision makes it unnecessary for us to consider the contention that a portion of Section 517.480(1) is unconstitutional. *Rider v. Julian*, 365 Mo. 313, 282 S.W.2d 484[23] (1955).

The judgment is reversed and cause remanded to the trial court with directions to enter an order directing the magistrate (now Hon. Dennis J. Quillin) to proceed with the trial of the case in question in accordance with Section 517.490 and other applicable statutes.

Reversed and remanded.

MORGAN, HENLEY, FINCH and DONNELLY, JJ., concur.

SEILER, C. J., and BARDGETT, J., concur in result.