Blanche RICE, Plaintiff-Respondent,

v.

Honorable Virgil H. LUCAS, Magistrate of Division 2 of the Magistrate Court, City of St. Louis, and Honorable Arthur Miorelli, Magistrate of the Assignment Division of the Magistrate Court of the City of St. Louis, and Moro Investment Company, a corporation, a/k/a Silverblatt Rental Company, Defendants,

and

John C. Danforth, Attorney General, Intervenor-Defendant-Appellant.

No. 59875.

Supreme Court of Missouri, En Banc.

Jan. 9, 1978.

Rehearing Denied Feb. 8, 1978.

John D. Ashcroft, Atty. Gen., Jefferson City, David L. Baylard, Asst. Atty. Gen., for intervenor-defendant-appellant.

Stuart R. Berkowitz, The Legal Aid Society, St. Louis, for plaintiff-respondent.

BARDGETT, Judge.

This is an appeal from a judgment of the circuit court whereby a magistrate judge in St. Louis was ordered to afford a tenant (defendant) a jury trial in a case brought by a landlord (plaintiff) pursuant to sec. 535.-010 et seq., RSMo 1969. The circuit court declared the provision of sec. 535.040, RSMo 1969, which prescribes that a magistrate shall hear the cause *without a jury* to be in conflict with the civil-jury-trial provision of art. 1, sec. 22(a), Mo.Const. This court has jurisdiction of the appeal, art. 5, sec. 3, Mo.Const.

The facts are not in dispute. Blanche Rice (tenant) occupied a housing unit as a

tenant at will under an oral month-to-month arrangement with Moro Investment Company, also known as Silverblatt Rental Company (landlord). The rent was $55 per month. On November 21, 1975, the landlord brought suit against the tenant alleging the tenant had not paid her rent from October 12, 1975, and that $110 was owed. The prayer sought judgment for the rent and restitution of the premises with costs.

The tenant filed an answer in which, after admitting a rental of the premises, she denied generally the other allegations of the landlord's petition and then pleaded: "Defendant admits that she failed to pay the amounts of rent alleged in the Petition to have been due. Defendant [tenant] alleges, however, that said rent was not due and owing, because during the period for which rent was allegedly due, plaintiff [landlord] was in violation of the implied warranty of habitability."[1] The pleading then alleged violations of the Minimum Housing Standards Ordinance of St. Louis and asserted that the tenant had been damaged in the amount of at least $10 per day and asserted, "Because the total of said damages for the period of rent withholding exceeds the amount of rent withheld, the reasonable rent for this period is zero. Therefore, plaintiff [landlord] is entitled to no rent whatsoever." The tenant also filed a five-count counterclaim alleging housing code violations, nuisance, and violation of the alleged implied warranty of habitability. The tenant sought actual damages on each of four counts of $20 per day since August 18, 1975, and punitive damages of $1,000 per count[2] and specific performance under one of the counts.

At the same time the foregoing answer and counterclaim was filed, the tenant also filed a request for jury trial which was denied on January 9, 1976, by Magistrates Lucas and Miorelli, pursuant to the trial-by-court-without-a-jury provision of sec. 535.-040, RSMo 1969.

On January 13, 1976, the tenant filed a "Petition for Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment" in circuit court naming the magistrates and the landlord as defendants. This petition set forth the factual situation as between the tenant and landlord as per the pleadings in magistrate court and the tenant's request for and denial of a jury trial by the magistrates. The tenant alleged the nonjury-trial provision of sec. 535.040, RSMo 1969, deprived plaintiff (tenant) of her right to a jury trial as guaranteed to her under art. 1, sec. 22(a), Mo.Const., and was, therefore, unconstitutional.

The tenant also alleged that should the defendants (landlord and magistrates) not be enjoined from proceeding in the magistrate case without a jury, and if judgment be rendered against her in magistrate court, she would be unable to exercise her right to a jury trial in a trial de novo on appeal to circuit court because she would be unable to post the bond required by sec. 535.110, RSMo 1969, due to her poverty. The tenant's petition was subsequently amended to allege the bond provision of sec. 535.110, RSMo 1969, for a jury trial on de novo appeal to circuit court constitutes an unreasonable condition upon the exercise of the tenant's right to jury trial in circuit court as guaranteed by art. 1, sec. 22(a), Mo. Const., and constitutes a denial of due process and equal protection of the laws as guaranteed by the Fourteenth Amendment to the U.S. Constitution.

Although the tenant sought a declaration that the nonjury-trial provision of sec. 535.-040, RSMo 1969, was violative of art. 1, sec. 22(a), Mo.Const., or alternatively that the bond requirement of sec. 535.110, RSMo 1969, constituted an unreasonable burden upon the tenant's right to a jury trial on appeal to circuit court while remaining in

---

1. The appropriateness of this and other defenses and counterclaims raised by the tenant in this rent and possession case involving a month-to-month tenancy are not in issue in this case at this time.

2. Under sec. 517.240, RSMo 1969, the total amount of the counterclaims would authorize removal to circuit court where jury trial is available.

possession of the premises, the primary relief sought by the tenant was an order which would provide her with a jury trial in magistrate court. It appears that the attorney general was notified of the action pursuant to sec. 527.110, RSMo 1969, and Rule 87.04, and subsequently became the intervenor-defendant in the case.

The tenant also sought as alternative relief an order or judgment of the circuit court which, if she lost in magistrate court, would allow her to remain in possession of the premises while her de novo appeal with a jury trial was pending in circuit court without posting a bond as required by sec. 535.110, RSMo 1969.

On January 14, 1976, the circuit court issued its preliminary writ of prohibition preventing the magistrate from taking any further action in the underlying cause and issued its show cause order to the magistrates and Moro Investment Co. On or about February 11, 1976, the attorney general intervened and became the intervenor-defendant.

.The attorneys representing the landlord in the magistrate court case, of course, undertook the nominal representation of the defendants-magistrates in the circuit court proceedings. After hearing, the circuit court issued a written opinion and the following order and judgment:

"ORDER, ADJUDGE, DECLARE AND DECREE AS FOLLOWS:

"1) That Section 535.040 R.S.Mo.1969, insofar as it denies a trial by jury to an indigent defendant, is unconstitutional and invalid and in violation of Article I Section 22(a) of the Missouri Constitution of 1945.

"2) That the preliminary Writ of Prohibition issued herein on January 14, 1976, commanding the Honorable Virgil H. Lucas, Magistrate presiding in Division #2 of the Magistrate Court of St. Louis, Missouri, from proceeding further without a jury in Cause No. 14011, wherein Silverblatt Rental Company is plaintiff and Blanche Rice is defendant, be and the same is hereby made absolute.

"3) Costs herein assessed against Respondent Moro Investment Company, a corporation, a/k/a Silverblatt Rental Company."

The question of the validity of the bond provision of sec. 535.110, RSMo 1969, was not decided because the foregoing judgment made such a ruling unnecessary and, as the circuit court noted, the facts of this case do not yet present that issue for decision.

The appellant attorney general contends that the circuit court erred in ruling that sec. 535.040, RSMo 1969, contravenes art. 1, sec. 22(a), Mo.Const., insofar as it denies a jury trial to an indigent defendant because: (A) A proceeding brought pursuant to chapter 535, RSMo 1969, was unknown at common law; consequently, art. 1, sec. 22(a), Mo.Const., does not require that a jury trial be afforded a party to such a proceeding. (B) Even if there existed a right to a jury trial in the equivalent of a chapter 535 proceeding at common law, sec. 535.110, RSMo 1969, as most recently construed by this court, saves the constitutionality of sec. 535.040, RSMo 1969.

In response, the respondent tenant asserts that art. 1, sec. 22(a), Mo.Const., preserves the right to trial by jury in a landlord's action under chapter 535 for nonpayment of rent.

The reason the issue arises is because the action under chapter 535 is filed in magistrate, not circuit, court. All parties agree that if this case were to reach circuit court by reason of transfer or certification prior to judgment in magistrate court, or by appeal to circuit court after judgment in magistrate court, both parties would be entitled to a trial by jury.

The general provision as to jury trials in magistrate court affords either party a right to jury trial. Sec. 517.630, RSMo 1969. The reason no jury trial is afforded in this particular action in magistrate court is because sec. 535.040, RSMo 1969, provides in part: "Upon the return of the summons executed, the magistrate shall proceed to hear the cause *without a jury,* and . . ."

The question, therefore, is whether or not the legislature had the power to deny a jury trial in a suit brought in magistrate court pursuant to sec. 535.020, RSMo 1969, in view of art. 1, sec. 22(a), Mo.Const., which provides: "That the right of trial by jury as heretofore enjoyed shall remain inviolate; provided that a jury for the trial of criminal and civil cases in courts not of record may consist of less than twelve citizens as may be prescribed by law, and a two-thirds majority of such number concurring may render a verdict in all civil cases; that in all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict; and that in every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court, whose finding shall have the force and effect of a verdict of a jury."

The original civil-jury-trial provision in our 1820 constitution provided in art. 13, sec. 8: "That the right of trial by jury shall remain inviolate." As early as 1822 a question arose with respect to the right of civil trial by jury in circuit court. *Bank of Missouri v. Anderson,* 1 Mo. 244 (1822), was an appeal from a proceeding in circuit court, which "by motion, in a summary way, [sought] to recover judgment on certain bank notes, which had been presented to the Bank for specie payment, and refused." A certain section of the bank charter (a legislative act) gave the remedy in a summary way on motion. The bank demanded trial by jury, which was refused, and the court entered judgment for the amount of the notes. On appeal the bank claimed error in the denial of a jury trial, and the court stated at 244–45:

"It is to be supposed, the Legislature which passed this Bank charter, knew what the law was, then in force, relative to jury trials. If they did, the result will be, that if the law then was, that either party should have a jury trial if demanded, then if the Legislature, by the Bank charter, intend otherwise, they would have said so expressly; this they have not done. By the English law, a trial by motion dispenses with writ and declaration, and the words 'in a summary way,' dispense with all sort cf formal pleading, and a jury also; and, in this case, it is contended, the course must be the same. This doctrine would be good in England, and in this State, if it were not for a provision in our constitution, which says, the trial by jury shall remain inviolate; the meaning of which is, that with respect to facts, the trial shall be by twelve men, and they shall all and each of them be good and lawful men; they must have a good fame, possess integrity and intelligence; they must not be aliens, vagrants, outlaws, nor under conviction of crimes. They must all be under oath when they try a fact or cause; they must all agree in their verdict; and the right to have disputed facts tried by such a jury, and in such a manner is to remain inviolate. It is the right of all parties who are capable of being sued, and if this right is or can be limited or restrained by the Legislature, because the proceeding is summary, then every case may be required to proceed in the same way, and so the jury trial be entirely undermined and lost; and furthermore, the act of the Legislature of May, 1807, says, that in all cases, either party, in any suit, if he demands it before the trial, shall have a trial by jury, (see *Geyer's Digest,* 256); here the motion was undoubtedly a suit, and the jury trial was demanded and refused. The Bank was a party, and it had a right to have the facts, whether a demand of specie payment was made, and whether it was refused, tried by a jury. This was refused, and this was error."

In *Vaughn v. Scade,* 30 Mo. 600 (1860), the court reaffirmed *Bank of Missouri v. Anderson, supra,* with respect to trials in a court of record having common-law jurisdiction and proceeding according to the course of the common law, but also said at 604–605:

"We are of the opinion that, as the court of the law commissioner is a court of record, having common law jurisdiction and proceeding according to the course of the common law, that in trials in that court a party is entitled to a jury of twelve men when he demands it; . . . .

"In coming to the conclusion that a jury in the court of the law commissioner must consist of twelve men, we do not wish it to be understood that it follows as a matter of course that a jury in a justice's court must likewise consist of twelve men. We are of the opinion that justices' courts, not being courts of record, are not within the constitutional provision, and that it would be competent for the legislature to make all the causes in such courts triable by the justice alone. Juries did not form a part of the machinery of such tribunals at the common law. It is not disputed that the article in the bill of rights securing the right to a trial by jury did not extend to proceedings in courts of chancery. The legislature in its discretion may give assistance to justices in the exercise of their jurisdiction, and that may be any number of men that is deemed expedient. Moreover, from the judgments in justices' courts there is an appeal to the courts of common law where the parties are entitled to a trial by jury unless it is waived. (*Emerick v. Harris,* 1 Binn. 416; *Work v. The State of Ohio,* 2 Ohio St. 296; *Norton v. McLeary,* 8 Ohio, N.S., 205.)"

*In re Moynihan,* 332 Mo. 1022, 62 S.W.2d 410 (1933), held the right to a jury trial was preserved by the original and subsequent constitutions of Missouri and to be that which existed at the time of the adoption of the 1820 constitution. The court stated at 414: " . . . Also, in *City of St. Louis v. Smith* [325 Mo. 471, 30 S.W.2d 729], quoting from the *Bates* [*Bates v. Comstock Realty Co.,* 306 Mo. 312, 267 S.W. 641] and *Hickox* [*Hickox v. McKinley,* 311 Mo. 234, 278 S.W. 671] Cases, this court further said: 'If the right to a jury trial exists, it is by virtue of the Constitution in force at the time, whether it be that of 1820 or 1865, which merely guaranteed the continuance of the common law right and that right the Constitution of 1875 preserves but does not extend.' The proper rule of construction, therefore, undoubtedly, is that the Constitution of 1875 preserves the right of trial by jury, as that right came from the common law or the territorial statutes, in exactly the same status as was guaranteed under the two preceding Constitutions, that is: It

is not the particular statutory method of procedure in force in 1875 which is guaranteed, but the procedure which the Legislature was authorized to adopt under the previous Constitutions. Likewise, it only prevents the Legislature from adopting procedure limiting the right of trial by jury which it was prevented from adopting by this provision in the bill of rights of the two previous Constitutions."

The question of whether or not a defendant in an action under secs. 6392, 6393, and 6394, RSMo 1889 (now chapter 535), was entitled to a jury trial in magistrate court was decided in *State ex rel. K. C. Auditorium Co. v. Allen,* 45 Mo.App. 551 (1891). There the lessor K. C. Auditorium sued the lessee, Crawford, in magistrate court alleging unpaid rent of seven months in the amount of $4,088.33 and seeking possession of the premises. No money judgment was requested. The magistrate sustained the defendant lessee's request for a jury and the lessor filed a petition for writ of prohibition in the court of appeals seeking an order prohibiting the magistrate from proceeding with a jury trial. The court held that the statute did not authorize a jury trial saying at 564–565: "In courts of the class to which justices of the peace belong, and which do not exercise jurisdiction according to the course of the common law, it is safe to say that a jury will not be authorized for the trial of causes, unless it is required by legislative enactment. In summary proceedings, in such courts, there is no doubt in our minds that, unless the intention to provide a jury for the trial of such causes is gleaned from the statutes, none can be had. Gear's Lan. & Ten., sec. 199. The jury, as known to the common law, is not a part of the legal machinery of a justice of the peace, unless made so by statute. *Vaughn v. Scade,* 30 Mo. 600. The legislature may provide for the trial of the causes in such courts without a jury."

And at 566–567, the court of appeals stated:

"But it is urged with much plausible force that the present constitution of this state has made material alterations in the

jury law. The constitution as it was and as it is, we here set out; the italics showing the changes made: 'That the right of trial by jury shall remain inviolate.' Const.Mo. 1820, art. 13, sec. 8; the same in Const. 1865, art. 1, sec. 12. 'The right of trial by jury, *as heretofore enjoined,* shall remain inviolate; *but a jury for the trial of criminal or civil cases in courts not of record may consist of less than twelve men, as may be prescribed by law.*' Const. 1875, art. 2, sec. 28. Respondent insists that while formerly the provision did not apply to inferior courts not of record, and not proceeding according to the course of the common law, yet that the additional clause incorporated in the new constitution makes it now obligatory to call a jury in such courts in all cases when demanded. In other words, that the right of trial by jury is now guaranteed in such cases. It cannot be well claimed that the present constitution does more than recognize the fact that in courts not of record juries are generally provided for by statute law; that being true, express authority is given to compose them of less number than the common-law jury of twelve men. To say that the constitution above quoted has declared that there shall be a jury trial in all inferior courts not of record, including justices of the peace and police courts of cities, and that the legislative acts and charters and ordinances which do not provide for juries are unconstitutional, is a mere assertion; there can be no question involved in such statement.

"But if we should concede that the case now pending before the justice belongs to the class of 'civil cases in courts not of record,' as contemplated by the constitution, a matter we need not combat or approve, the point must yet be ruled against respondent. For notwithstanding the statute in question does not provide for a jury trial, yet it does provide, without unreasonable restriction, for an appeal to a court where a jury trial may be had. Sec. 6400. When such is the case, the constitution is not only not violated, but the mode and manner of securing the constitutional right is pointed out. *City of Marshall v. Standard,* 24 Mo. App. 193 [192]; 1 Bishop, Crim.Pro., sec. 893; 1 Dillon, Mun.Corp., sec. 439."

■ Magistrate courts are the successors to justices of peace courts and since 1945 have been "courts of record", (sec. 476.010, RSMo Supp.1975, and sec. 517.050, RSMo 1969), but still do not proceed according to the course of the common law. Such courts are limited to the jurisdiction and powers set forth in the statutes. *State ex rel. Walker v. Stussie,* 529 S.W.2d 159, 160 (Mo. banc 1975); *State v. Anderson,* 413 S.W.2d 161, 162 (Mo.1967); *State ex rel. Auto Finance Co. v. Collins,* 496 S.W.2d 827, 834 (Mo. banc 1973). Magistrate courts which displaced justices of the peace courts were created by art. 5, sec. 1, Mo.Const. Art. 5, sec. 20, Mo.Const., requires that, until otherwise provided by law, practice procedures, administration and jurisdiction of magistrate courts shall be as then (1945) provided for justices of the peace. The 63d General Assembly (1945) enacted numerous laws relating to magistrate courts but these laws basically were reenactments of RSMo 1939 relating to justices of the peace. See Historical Note under sec. 482.010, RSMo 1969. Subsequent legislation has increased monetary jurisdiction of magistrate courts and authorized circuit courts to assign certain circuit court matters to magistrate judges (see Laws of Mo. 1975–76, pp. 754–762, and C.C.S.H.B. 1317 and 1098), and have authorized the transfer of magistrate cases to circuit courts upon certain conditions (sec. 517.240, RSMo 1969). However, the statutory law pertaining to the power of a magistrate with respect to magistrate cases has not been changed. These courts still do not proceed according to the course of the common law. Magistrates cannot direct a verdict in a jury case for insufficiency of evidence because the jury, in magistrate cases, is the sole judge of the law and the evidence; nor can a magistrate set aside a verdict or nonsuit except where the nonsuit is entered on account of absence of the plaintiff. *State ex rel. Schonhorst v. Cline,* 85 Mo.App. 628, 632 (1900). Nor can a magistrate set aside a jury verdict and grant a new trial. The dissatisfied party may obtain a complete new trial on appeal

to the circuit court, *Bartling v. Jamison*, 44 Mo. 141, 144–145 (1869). See also *State ex rel. Schurtz v. Cowan*, 72 S.W.2d 800 (Mo. App.1934); *Lehmer v. Smith*, 220 Mo.App. 251, 284 S.W. 167 (1926). In *Bradley v. Woerner*, 46 Mo.App. 371 (1891), the petitioner claimed to be the widow of one Patrick Bradley, and, as such, filed a claim in the probate court of the city of St. Louis for a widow's allowance and demanded a jury trial which the respondent denied. The probate court was and is a court of record, but the denial of jury trial was upheld on the basis that the statute, sec. 2131, RSMo 1889 (now included in sec. 510.180 et seq., "Trial Procedure") which granted a jury trial in an action for the recovery of money was applicable only to courts of record possessing common-law jurisdiction.

 As noted supra, it is the tenant's contention that the constitution of Missouri guaranteed a jury trial in this *type* of case. But, as shown above, the civil-jury-trial provision of the constitutions of Missouri have repeatedly been held to apply to courts proceeding according to the course of the common law and not to special courts, such as justice of the peace, magistrate, or probate courts, which do not proceed according to the common law regardless of the type of civil case which may be involved. Under our system, the jury trial was and is available in cases filed in magistrate court whenever, and by whatever means, the case reaches the circuit court.

*Pernell v. Southall Realty Co.*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974), is the case principally relied upon by the tenant. Aside from the fact that *Pernell* was premised on the U.S.Const., Seventh Amendment, jury trial provision, which is not applicable to the states, it is important to recognize that the tenant in *Pernell* could not obtain a jury trial at all if he did not obtain it in the Superior Court of the District of Columbia. The Superior Court there is a court of general jurisdiction similar to our circuit court, and appeals there-

from go to the District of Columbia Court of Appeals on the record. See Title 11, District of Columbia Code. In Missouri, the jury trial is available on appeal from magistrate court to circuit court or whenever the case reaches circuit court by any other method and is tried there originally.

 The court holds that the provision of sec. 535.040, RSMo 1969, which requires the action to be tried in magistrate court without a jury is not unconstitutional.

The second issue presented by the tenant is whether the provisions of sec. 535.110, RSMo 1969, which conditions the right to appeal upon the defendant posting a bond, " . . . with security sufficient to secure the payment of all damages, costs and rent then due and to accrue, and with condition to stay waste" violates the equal protection clause of the United States and Missouri constitutions. It is contended that this violation takes place as to poor persons, such as the tenant here, because they do not have the money to post the bond required by the statute.

Pursuant to our decision on the first issue in this case, the cause will be remanded for further proceedings. If, on remand, a trial takes place in magistrate court, it will be without a jury; but, if the trial occurs in circuit court, it will be with a jury unless waived. Who will prevail is not now known nor can it be determined if either party will desire to appeal to the next superior court. As such, this case does not present a fact situation at this time that lends itself to adjudication of the appeal bond requirements except to consider the facial constitutionality of the bond requirements of sec. 535.110, RSMo 1969.

Essentially, tenant complains that she is denied equal protection on appeal from magistrate court because due to her poverty she will not be able to post the required bond and thereby avail herself of an appeal *while maintaining her "right" to possession of the premises,*[3] whereas, a person with

---

3. Any assumed "right" to continued possession under the tenancy in this case is extremely tenuous. Regardless of who prevails in the

landlord's "rent and possession" suit, the tenancy could be terminated at any time by either the landlord or tenant upon the giving of the

sufficient money could post bond and remain in possession while litigating on appeal in circuit court.

 In *Dixon v. Davis,* 521 S.W.2d 442 (Mo.1975), this court held the bond requirement of sec. 535.110, RSMo 1969, as a prerequisite to circuit court jurisdiction of a tenant's appeal, was unconstitutional under the equal protection clause of the constitutions of the United States and Missouri. Therefore, the tenant can appeal the adverse judgment of the magistrate court and have the cause decided in circuit court without posting bond. The appeal itself, however, would not stay execution of the judgment. If the tenant desired to remain in possession while the cause was on appeal in circuit court, then the bond requirement of sec. 535.110, RSMo 1969, would have to be met so as to stay execution. In *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the U.S. Supreme Court held that an Oregon law which required a bond in *double* the rental value to be posted whenever the tenant desired to remain in possession while the cause was on appeal violated the equal protection clause of the Fourteenth Amendment to the U.S. Constitution. However, the court did not hold a bond requirement which would reasonably safeguard litigated property was invalid. Rather, the court stated at 77, 92 S.Ct. at 876:

" . . . While a State may properly take steps to insure that an appellant post adequate security before an appeal to preserve the property at issue, to guard a damage award already made, or to insure a landlord against loss of rent if the tenant remains in possession, the double-bond requirement here does not effectuate these purposes since it is unrelated to actual rent accrued or to specific damage sustained by the landlord."

The fact that the tenants in *Lindsey* were poor did not cause reasonable bond requirements to be unconstitutional.

statutory one-month's notice. Sec. 441.060, RSMo 1969. Thus, the landlord could terminate the tenancy and arguably obtain possession while the cause is on appeal even though,

The court holds that the provision of sec. 535.110, RSMo 1969, does not offend against the equal protection provision of the constitutions of Missouri or the United States and the same is not facially unconstitutional.

The order, judgment and decree of the circuit court is reversed and the cause is remanded with directions to the circuit court to quash and vacate its absolute writ of prohibition heretofore entered in this cause.

All of the Judges concur.

in this type of tenancy, the tenant has posted bond as required by sec. 535.110, RSMo 1969, with respect to the particular judgment appealed from.