**CLOVERLEAF GROUP, INC.,**
Respondent,

v.

**CONVENTION SHOW PROGRAMS,**
Appellant.

No. 45090.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 10, 1982.

# 842

Terrance L. Farris, Clayton, for appellant.

William H. Leyhe, III, Clayton, for respondent.

REINHARD, Presiding Judge.

This case involves an appeal from a judgment of the circuit court sustaining a motion to dismiss defendant's appeal from a judgment of the associate circuit court in a landlord-tenant action. We reverse and remand.

Plaintiff, after a hearing, received a judgment in the associate circuit court on its action for rent and possession brought under Chapter 535 RSMo. 1978. The defendant complied with the appeal bond which was set by the associate circuit court. Later, the associate circuit court increased the bond, and defendant perfected its appeal to the circuit court without complying with the increased bond. Pursuant to the associate circuit court's order, plaintiff obtained possession of the property. Subsequently plaintiff filed a motion to dismiss for failure to comply with the bond requirement of § 535.110 RSMo. 1978.[1] The court sustained the motion. This appeal follows.

Section 535.110 RSMo. 1978 is substantially the same as § 535.110 RSMo. 1969. Our Supreme Court has held that the filing of a bond under § 535.110 RSMo. 1969 is not jurisdictional. *Rice v. Lucas,* 560 S.W.2d 850 (Mo. banc 1978). The court said, "the tenant can appeal the adverse judgment of the magistrate court and have the cause decided in circuit court without posting bond. The appeal itself, however, would not stay execution of the judgment. If the tenant desired to remain in possession while the cause was on appeal in circuit court, then the bond requirement of sec. 535.110 RSMo. 1969, would have to be met so as to stay execution." *Id.* at 858.

Here, defendant's failure to post the required bond prevented it from retaining possession of the property but not from pursuing its appellate remedy.

Judgment reversed and remanded.

SNYDER and CRIST, JJ., concur.

---

[1]. Applications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512, RSMo.; but no application for a trial de novo or appeal shall be allowed the defendant, unless he give bond, with security sufficient to secure the payment of all damages, costs and rent then due and to accrue, and with condition to stay waste.