**BRAINCHILD HOLDINGS, LLC, Respondent,**

v.

**Stephanie CAMERON, Appellant.**

No. SC 96376.

Supreme Court of Missouri, en banc.

Opinion issued December 5, 2017

Cameron was represented by Samuel Hoff Stragand and Kalila Jelani Jackson of the Equal Housing and Opportunity Council in St. Louis, (314) 534-5800 x7006.

Zachary M. Schmook of the University of Oklahoma College of Law in Norman, Oklahoma, (405) 325-2492.

Karen Tokarz of the Washington University School of Law in St. Louis, (314) 935-6414. The landlord did not file a brief or argue.

Mary R. Russell, Judge

The issue in this case is whether parties in a rent and possession case are entitled to a jury trial. Stephanie Cameron was sued by her landlord, Brainchild Holdings, LLC, after defaulting on rent payments. Citing 2014 statutory amendments to rent and possession suits under chapter 535, RSMo, the trial court denied her request for a jury trial and conducted a bench trial.

The trial court found in favor of Brainchild, and Cameron appeals.

If requested, parties in rent and possession cases have always been entitled to a jury trial at some point in the process. The legislature's removal of the right to a trial *de novo* with the possibility of a jury at the circuit court in rent and possession cases still results in parties having the right to a jury trial in the associate circuit division where the suit was initially filed. The judgment is reversed, and the case is remanded.

### Factual and Procedural Background

Stephanie Cameron entered into an agreement with Brainchild to lease an apartment. Soon after Cameron moved in, she began having problems with the premises. These problems allegedly included the air conditioning and upstairs toilet failing to work, the first-floor bathroom lacking ventilation, windows not staying open when raised, tripping hazards created by loose floor tiles, exposed nails throughout the flooring, improperly installed smoke detectors, stove burners not working, and no gas service for several months. Cameron claimed she notified her landlord of these conditions, but the apartment was not repaired.

Brainchild brought a rent and possession action in the associate circuit division against Cameron after she fell behind on rent payments. In her initial answer, she requested a jury trial and, as an affirmative defense, claimed the condition of her apartment violated the implied warranty of habitability. The trial court agreed with Brainchild that Cameron was not entitled to a jury trial in light of the 2014 amendments to chapter 535. After a bench trial, the trial court entered its judgment in favor of Brainchild.[1]

---

1. Brainchild has not participated in the case since the bench trial concluded. After the case

Cameron appeals the trial court's judgment.[2]

## Standard of Review

 A judgment in a court-tried case will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Questions of statutory interpretation, however, are reviewed *de novo. Macon Cnty. Emergency Servs. Bd. v. Macon Cnty. Comm'n*, 485 S.W.3d 353, 355 (Mo. banc 2016). This Court's role when interpreting a statute "is to ascertain the intent of the legislature from the language used and to consider the words used in their ordinary meaning." *Id.*

## Analysis

 If a tenant defaults on rent payments, a landlord may seek to recover possession of the leased premises and past-due rent under section 535.040.[3] Before 2014, rent and possession actions began with a bench trial in the associate circuit division pursuant to section 535.040.1 and were appealable to the circuit court for a trial *de novo*, which included the right to a jury trial. Sec. 535.020.[4] Section 535.040.1 provides: "the judge shall set the case on the first available court date and shall proceed to hear the cause."

In 2014, however, the legislature amended section 535.110 to remove the provision that allowed an aggrieved party to request a trial *de novo*. Sec. 535.110, RSMo Supp. 2014.[5] While rent and possession actions under chapter 535 continue to be initiated in associate circuit divisions, the 2014 amendments remove the right of a trial *de novo* in the circuit court and, consequently, the right to a jury trial in the circuit court.

In light of the 2014 amendments, this case presents the issue of whether parties in rent and possession actions brought under section 535.040 are still entitled to a jury trial. The Missouri Constitution, since its adoption, has always provided that the right of trial by jury "shall remain inviolate." Mo. Const. art. XIII, sec. 8 (1820). This Court examined the right to a jury trial in a rent and possession case in *Rice v. Lucas*, 560 S.W.2d 850, 851 (Mo. banc 1978). At issue in *Rice* was the constitutional validity of section 535.040, RSMo 1969, which required rent and possession cases to be tried before a magistrate judge without a jury. At the time *Rice* was decided, decisions by a magistrate court could be appealed to the circuit court, where a jury trial would be available if requested. *Id.* at 857. Because a tenant in Missouri could obtain a trial by jury at some point in the process, *Rice* held the requirement in section 535.040, RSMo 1969, did not

---

was transferred to this Court, the Missouri Apartment Association ("MAA") filed a brief as amicus curiae in support of Brainchild.

2. After issuing a published opinion, the court of appeals transferred the case to this Court on its own motion under Rule 83.02 due to the general interest and importance of the issues presented and to reexamine the law. This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

3. All statutory citations are to RSMo 2000, unless otherwise indicated.

4. Pursuant to section 535.110, "Applications for trials de novo and appeals shall be allowed and conducted in the manner provided in chapter 512." Section 512.180.1, RSMo Supp. 2004, further provided, "Any person aggrieved by a judgment in a civil case tried without a jury before an associate circuit judge ... shall have the right of a trial de novo in all cases tried ... under the provisions of chapter[] ...535, RSMo."

5. The legislature also removed the reference to chapter 535 from section 512.180.1. Sec. 512.180.1, RSMo Supp. 2014.

violate the tenant's right to a jury trial. 560 S.W.2d at 857 ("In Missouri, the jury trial is available on appeal from magistrate court to circuit court or whenever the case reaches circuit court by any other method and is tried there originally.").

After *Rice*, Missouri's judiciary was restructured in the 1970s. Magistrate courts were abolished in 1979 and the duties previously vested in those courts were assigned to associate circuit judges.[6] Mo. Const. art. V, sec. 17; *Farinella v. Croft*, 922 S.W.2d 755, 757 (Mo. banc 1996). After the 2014 amendments, chapter 535 no longer gives tenants the right to a trial *de novo* by appealing a decision from the associate circuit division to the circuit court, where they would have the opportunity to request a jury trial. Rent and possession actions in Missouri originate in associate circuit divisions, and, as a result of the 2014 amendments, such actions are no longer subject to trial *de novo*.

Cameron's question about the constitutional validity of section 535.110, RSMo Supp. 2014, as a result of the legislature's removal of the trial *de novo*, need not be addressed here. *See Lang v. Goldsworthy*, 470 S.W.3d 748, 751 (Mo. banc 2015) ("This Court will avoid deciding a constitutional question if the case can be resolved fully without reaching it."). Nothing in the language of section 535.040.1 specifically precludes a jury trial. By removal of the trial *de novo*, the legislature did not take away the jury trial right in rent and possession cases. The legislature's decision to provide for only one trial in the associate circuit division rather than potentially trying the same case twice results in either party in a rent and possession action, upon request, being entitled to a trial by jury in the associate circuit division.[7]

## Conclusion

The trial court's judgment denying Cameron's request for a jury trial and subsequent entry of judgment in favor of Brainchild is reversed, and the case is remanded.

Fischer, C.J., Draper, Wilson, Powell, and Stith, JJ., and Manring, Sp. J., concur.

Breckenridge, J., not participating.

6. In 1976, Missouri voters approved amendments to article V of the Missouri Constitution, which included the abolishment of magistrate courts. *See In re Voorhees*, 739 S.W.2d 178, 181 (Mo. banc 1987). That amendment and the Court Reform and Revision Act of 1978 took effect on January 2, 1979. Sec. 476.015, .016, RSMo 1978.

7. MAA, in a brief as amicus curiae in support of Brainchild, argues rent and possession actions are summary proceedings and are intended to be decided swiftly by a judge without a jury. MAA further argues granting parties in rent and possession cases a jury trial will clog the legal system with unnecessary and burdensome litigation. Brainchild did not raise these issues at the trial court. This Court is not required to consider issues raised by amicus curiae on behalf of a party if the party's counsel did not raise those issues "because an amicus curiae 'must take the case as he finds it, with the issues made by the parties.'" *State ex rel. News Corp. v. Smith*, 353 Mo. 845, 184 S.W.2d 598, 600 (Mo. banc 1945) (quoting 3 C.J.S. *Amicus Curiae* § 3c, p. 1049); *see Hemeyer v. KRCG-TV*, 6 S.W.3d 880, 882 (Mo. banc 1999) (citation omitted) ("Amicus cannot inject issues into a case not presented by the pleadings and the parties."). Consequently, this Court will not address the issues advanced by MAA.